SOPHIA SCHENKEL, PLAINTIFF-RESPONDENT, v. JOSEPH SCHENKEL, DEFENDANT-APPELLANT.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Samuel Roessler.*

For the respondent, *Louis J. Beers.*

PER CURIAM.

This is an appeal by defendant from a judgment entered in favor of the plaintiff-respondent in the East Drange District Court. The suit was brought to recover $500 upon a contract alleged to have been made by the plaintiff-respondent and defendant-appellant providing for the payment of that sum by appellant if respondent would take no proceedings against her husband, a son of appellant, who had separated from the wife, and about six years before had left the state and made no provision for the maintenance of his wife and a daughter, about eleven years of age. The father was desirous that the son should return to the state and visit him and the son's mother, but feared proceedings by the son's wife to compel to perform the duty imposed upon him by law to maintain the son's daughter if not also the son's wife. The daughter-in-law did not take any proceedings when the son returned to the state and remained for several weeks on a.

visit to his parents. She thereupon brought suit to recover the $500 and the father-in-law defended upon the ground that the contract was in contravention of the statute of frauds in that it provided for the answering by the appellant upon an oral promise for the debt, default or miscarriage of his son. He also denied the making of the promise.

At the trial he likewise raised the question of a lack of consideration. The trial court found against him upon all points. In thus finding, we think the trial court was right.

1. It has been held that forbearance of suit by a person who may have a just claim affords consideration for a promise by a third person to pay such debt if proceedings are waived. See *United and Globe Rubber Co.* v. *Conard,* 80 *N. J. L.* 286; *Giglio* v. *Kramer,* 133 *Atl. Rep.* 778. If such forbearance affords consideration for a promise to pay the debt of another, it appears to be sufficient consideration for an independent undertaking of the person to be benefitted by such forbearance. There was, therefore, a good consideration.

2. The second point is that an oral promise to pay under the circumstances of this case is in contravention of the statute of frauds requiring a promise to pay the debt of another to be in writing. This contract does not come within the provisions of the statute of frauds relied upon by the appellant. There was no undertaking to pay any existing debt and, so far as appears by the record, no sum of money had been fixed as being due from the appellant's son to the respondent. Nor was there any suggestion that by the conduct of the respondent in forbearing suit against her husband or in the payment of the $500 by the defendant, respondent agreed to relieve her husband of any duty imposed upon him. She agreed that, during the time her husband was in the state on the one occasion, she would not institute proceedings. Therefore, the appellant did not agree to answer for any obligation of his son but created on his own account a promise to pay if respondent would not institute proceedings on the occasion stated..

3. A further point raised here, but not raised at the trial, is that the contract is against public policy because respond-

ent sought to waive a right existing for the benefit of her daughter, and that the law does not countenance such contracts. There is nothing in the state of the case to support this point. Nowhere does it appear that the promise in question was based upon the waiver of any proceedings that might be open in behalf of respondent's daughter against her father, but all that was involved was a forbearance of any suit open to respondent against her husband. This point not having been raised below is not available on this appeal, but if it were, we think it has no merit.

The judgment is affirmed, with costs.