103 N.J. Super. 295 (1968)
247 A.2d 145
LEONA TROTTA, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
MAURICE TROTTA, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1968.
Decided October 29, 1968.
*296 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Herman W. Kapp argued the cause for appellant-cross-respondent.
Mr. Edward S. Snyder argued the cause for respondent-cross-appellant (Messrs. Rudd, Ackerman, Breitkopf & Goodman, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
We have here for review an appeal and cross-appeal by a wife and husband, respectively (who were living separately under a consent judgment of separate maintenance entered October 26, 1960), from an order dated June 13, 1967 which determined various motions and petitions filed by the parties against each other during the years 1965 and 1966. The disputes relate mainly to matters of money, property and accounting.
We observe at the outset that the appendices furnished the court in this matter are most unsatisfactory, consisting of a mass of uncoordinated bits and pieces of the proofs, colloquy and exhibits from the record before the trial court, of a nature such as to render a fair understanding by the court of the factual background of the controversies between the *297 parties almost impossible. Further adding to our difficulties is the fact that the parties represented themselves pro se in the trial court, and one cannot tell, as to much of the material incorporated in the appendices, whether it constitutes argument, as by counsel, or sworn testimony, as by a party-witness. However, we have attempted to deal with the data presented as best we could in deciding the issues presented.
The prime subject of present contention is whether the plaintiff is the sole equitable owner of the Lake Mohawk property to which the parties hold title jointly as tenants by the entirety under a deed dated December 21, 1953. This property was purchased by the parties for a consideration of $15,000, $5,000 having been paid in cash and $10,000 through a mortgage made by them jointly. The property was originally acquired as a place of recreation for the family, which at the time included two children; later it was leased to various tenants.
It is plaintiff's contention that she advanced the $5,000 down-payment out of her personal funds and that it was her understanding at the time, as gained from defendant, who is admitted to the New York bar (but does not practice law), that legal technicalities required the title to be taken in both names, and that he arranged the transaction in that manner although he knew she expected the property to be hers alone. She also asserts breach by defendant of a fiduciary relationship to her in the transaction. She consequently contends for the existence of a resulting or constructive trust in the property for her benefit. The trial court held plaintiff failed to establish that the $5,000 came from her own funds and that, in any case, the contention of trust was not substantiated as a matter of law.
We eschew a review of the contested question of fact as to the source of the money on the blurred and incomplete record before us as it is our conclusion that the determination of the trial court on this point must be affirmed even if the purchase funds emanated from plaintiff. Preliminarily, *298 any special equity to the property in the plaintiff could not exceed the $5,000 contribution asserted since both parties joined in the bond and mortgage by which the remainder of the purchase price was realized. Further, the factual assertion in plaintiff's brief that plaintiff and defendant both intended at the time of purchase that she was to be the sole beneficial owner of the property is not supported by one iota of proof in plaintiff's appendix supplied on this appeal. Plaintiff's factual assertions in this regard in her brief were totally unsupported by reference to the record. See R.R. 1:7-1(d).
Assuming, arguendo, that plaintiff did contribute the $5,000 down-payment from her separate funds, the controlling presumption by the weight of the best reasoned authority, there being no proof in the record of a contrary intention on the part of the parties, is that the husband takes exactly that interest in the property which the deed on its face purports to give him  in this case a joint estate by the entirety with his wife. Annotation 43 A.L.R.2d 917, 918-19 (1955), and numerous cases cited therein; and see Restatement of Trusts 2d, § 441, comment (e) (1959). Plaintiff admits she knew that title was taken in both names.
A distinction must be drawn between the type of situation presented here, i.e., investiture of title in the names of both spouses, and that where title to the property acquired with the wife's funds is placed in the name of the husband alone. In the latter instance the predominant view holds that the applicable presumption (rebuttable) is of a resulting trust in favor of the wife. 4 Powell on Real Property, § 592, p. 564.111 (1968); 5 Thompson, Real Property, (1959), § 2343, p. 106; Restatement of Trusts 2d (1957) § 442, comment (a), p. 403; 5 Scott on Trusts, § 442, p. 3337 (1967).
As to the case where the title to the property is knowingly taken in both names, as pointed out in the well-considered Annotation, 43 A.L.R.2d, supra:
*299 "The case of a conveyance running to both husband and wife on a consideration supplied by the wife (the situation within the instant title) is, however, quite clearly distinguishable [from that where title is placed in the husband alone], since if the wife's name appears as grantee on the deed, in a purchase made by herself, she can ordinarily have no purpose in also including her husband's name unless to vest in him such an interest in the property as the conveyance on its face imports." (at p. 918)
Examination of the cases discussed in the cited annotation fully supports the proposition stated in the quoted text. More recent decisions are also in accord. Kiplinger v. Kiplinger, 148 Cal. App.2d 862, 307 P.2d 677 (Ct. App. 1957); Hurt v. Jones, 147 Cal. App.2d 164, 304 P.2d 786 (Ct. App. 1956); United States v. Trilling, 328 F.2d 699 (7 Cir. 1964) (alternative ground, applying Illinois law); Gionfriddo v. Palatrone, 196 N.E.2d 162 (Ohio Prob. Ct. 1964); Wilber v. Wilber, 312 S.W.2d 86 (Mo. Sup. Ct. 1958) (dictum). Restatement of Trusts 2d, supra, applies the presumptive rule even beyond the case of husband and wife taking title together, comment (e) under § 441 reciting:
"e. Where title taken in joint names of payor and another. The fact that the payor takes title to property in the name of himself and another jointly is an indication of an intention of the payor to make a beneficial gift of an undivided interest in the property to the other person; and in the absence of evidence of a different intention of the payor, the other person does not hold his interest upon a resulting trust for the payor. This is true whether the transfer was made to the payor and the other person as joint tenants or as tenants in common."
The Supreme Court has in two earlier cases expressly left open the question whether a purchase of realty in the names of husband and wife jointly by use of the wife's money creates a presumption of gift pro tanto to the husband or a resulting trust in favor of the wife of the husband's legal interest. Rayher v. Rayher, 14 N.J. 174, 182 (1953); Graham v. Onderdonk, 33 N.J. 356, 365 (1960). The opinions purported to find more than one viewpoint in the authorities on the *300 subject. In both cases, however, the court found affirmative evidence of intent by the parties that the wife was to retain the entire beneficial interest. See the earlier case of Pieretti v. Seigling, 134 N.J. Eq. 105, 106 (Ch. 1943), where the presumption of gift was applied.
The question left unresolved in Graham and Rayher does require decision in the present case, since, as we have held, there is nothing affirmative in the record before us to indicate the actual intention of the parties in the matter one way or the other. When this property was acquired in 1953 the family was, insofar as anything in this record indicates to the contrary, a normal family unit acquiring a recreation spot for the use of the family as a whole. We are satisfied that based upon both the pronounced weight of authority and sound public policy the rule is and should be that where title is knowingly taken in both names and the wife provides the purchase money the appropriate presumption is gift by the wife to the husband of that undivided joint interest in the property which the deed purports to vest in him.
In modern society it is not at all unusual for a wife to command more capital assets or income than the husband. Further, the drive today toward parity of the sexes in many social and economic relationships conduces to the view that it should no longer be regarded as necessary, in the ordinary case, as once it may have been, to protect the wife from over-reaching by her husband by nourishing an artificial presumption against the natural inferences as to her intent to be drawn from her settling a parcel of realty in their joint names. See 5 Scott on Trusts, supra, at p. 3340.
From the standpoint of the adjudicated cases, as has been already suggested above, the actual holdings on point almost uniformly are for a presumption of gift where title is knowingly taken in both names. The case cited most often for the contrary view, Schwarz v. United States, 191 F.2d 618 (4 Cir. 1951), is dictum in that regard, the court having placed strong reliance on the fact that the grantees were not in fact husband and wife, the putative husband having concealed *301 from the wife a prior undissolved marriage to another woman.
We thus conclude that there was no resulting trust in favor of plaintiff for her $5,000 advance toward the purchase price of the Lake Mohawk property, if in fact she supplied those funds.
Nor can we find anything at all in the record before us to support the contention of a violation by defendant of any fiduciary relationship to plaintiff in the circumstances attending the acquisition of the property. It is to be noted that plaintiff is evidently an intelligent and well-educated woman, engaged as an instructor at Fairleigh Dickinson University. Moreover, the contention was not raised at trial level, and we see no reason to entertain it here.
[The court here disposes of other contentions raised by appellant and cross-appellant.]
The judgment is in part affirmed, and in part reversed, as specifically hereinabove determined, and the cause is remanded to the trial court further to be proceeded with as hereinabove directed. No costs to either party on this appeal.