**In re Louis B. YOUMANS, Debtor.**

**Diana E. MUELLER, Trustee for Louis B. Youmans, Plaintiff,**

v.

**Louis B. YOUMANS, Eileen L. Youmans, Mainstay Federal Savings & Loan Association, New Jersey National Bank and Frederic J. Gross, Defendants.**

**Bankruptcy No. 88–04500.**
**Adv. No. 89–1290TS.**

United States Bankruptcy Court,
D. New Jersey.

Aug. 15, 1990.

Diana E. Mueller, Cranbury, N.J., for plaintiff.

Michael L. Detzky, Freehold, N.J., for defendants Louis B. and Eileen L. Youmans.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

In this adversary proceeding plaintiff Diana E. Mueller, chapter 7 trustee, seeks to sell certain real property free and clear of liens and interests under § 363(b) and (h) of title 11, United States Code ("Bankruptcy Code" or "Code"), and to determine the validity, priority and extent of liens. The subject property, commonly known as 1420 Shafto Road, Tinton Falls, New Jersey, was owned by defendants Louis B. and Eileen L. Youmans as tenants by the entirety when Mr. Youmans filed his bankruptcy petition. The trustee believes there is substantial equity in the property, and she therefore wishes to sell it free and clear of all liens and interests to liquidate the interest of Mr. Youmans' estate in bankruptcy for distribution to his creditors.

Mr. and Mrs. Youmans object to such a sale. On this motion they seek a ruling that Mrs. Youmans' interest should be measured in a manner which would lead to the conclusion that she owns substantially more than a one-half interest. They argue that she has one-half a life estate plus a remainder, that the percentage share of such interest must be measured according to actuarial tables, and that such measurement gives her substantially more than a half interest. The trustee argues that Mrs. Youmans' interest is a half interest, and the net proceeds of sale would be divided accordingly.

Mr. and Mrs. Youmans defined their motion as one to determine applicable standards to measure the parties' interests in real property. The Court construes the motion as one for partial summary judg-

ment under Bankruptcy Rule 7056. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (N). This shall constitute the Court's findings of fact and conclusions of law.

## I.

Louis Youmans, an attorney [1], filed a petition for relief under chapter 13 of the Bankruptcy Code on July 8, 1988.[2] Chapter 13, entitled "Adjustment of Debts of an Individual with Regular Income," permits debtors to retain possession of their property while they attempt to confirm and consummate a plan to pay their creditors. However, Mr. Youmans was unable to meet the requirements for confirmation of a chapter 13 plan, and on June 6, 1989 an order was entered converting this case from chapter 13 to chapter 7. One of the purposes of chapter 7, entitled "Liquidation," is to sell those assets of a debtor which have equity and to distribute the net proceeds among the debtor's unsecured creditors. Such sales are the trustee's responsibility.

The trustee in this case alleges that the subject property has a value of $205,000; that the aggregate amount due on the first and second mortgages is approximately $50,000; that costs of sale would be an estimated $20,500; that the net proceeds would be $134,500; and that one-half of the net proceeds, an estimated $67,250, would be available from such sale for distribution to Mr. Youmans' creditors, with the other half of the net proceeds going to Mrs. Youmans. The Court will assume for purposes of this motion that a sale of the property would realize net proceeds of approximately $134,500.[3] The dispute on this motion is how those net proceeds would be divided between the debtor's estate in bankruptcy and Mrs. Youmans.

## II.

The filing of a bankruptcy petition creates an estate which under Code § 541 consists essentially of all legal or equitable interests of the debtor in property as of the commencement of the case. The trustee is the representative of the estate, and under Code § 704(1) a chapter 7 trustee must "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." Code § 363(h) provides that the trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, but only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Experience has demonstrated that in cases such as this, § 363(h)(1), (2) and (4) are

---

**1.** According to the New Jersey Law Journal, Thursday, May 24, 1990, 125 N.J.L.J. Index p. 1362, the New Jersey Supreme Court on May 18 suspended Mr. Youmans from the practice of law for two years for various offenses. The Supreme Court also ruled that restoration of Mr. Youmans' license will depend on the disposition of other matters under investigation.

**2.** This case is not to be confused with *In re Louis B. Youmans, P.A.*, Case No. 85–02812, filed as a chapter 11 case on May 29, 1985, converted to chapter 7 on January 28, 1986, and still pending. The Court has recently been informed by the trustee in that case that there are insufficient funds therein to pay anything to its unsecured creditors.

**3.** This assumption shall not constitute a finding of fact for purposes of any subsequent trial in this adversary proceeding. It should also be noted that under Code § 522(d)(1), the debtor in this case is presumably entitled to exempt $7,500 in equity, and to receive that amount from the estate's share of any sale proceeds.

usually stipulated or easy to prove, although the Court makes no findings on this motion as to their presence in this case. The ultimate battle in such cases is usually over § 363(h)(3), which requires that the Court find that the benefit to the estate of a sale of the entire property outweighs any detriment to co-owners who have not filed a bankruptcy petition.

Thus, to summarize the applicable provisions of the Bankruptcy Code, where a debtor in a chapter 7 case was the co-owner at the commencement of the case of real property in which there is equity over liens, the trustee has a duty to attempt to sell such property and distribute the estate's share of the net proceeds among the holders of allowed unsecured claims. The Bankruptcy Court will usually authorize such sale if the benefit to the estate outweighs any detriment to the co-owners.

### III

Under the Bankruptcy Act which was in effect prior to enactment of the Bankruptcy Code in 1978, the trustee did not have the power to sell real property over the objection of a co-owner. The following passage summarizes the situation which led to enactment of Code § 363(h):

Generally, when one of the coowners of property owned jointly with another filed a petition in bankruptcy under the Bankruptcy Act, the trustee could sell only the bankrupt's interest and could not affect the interest of the other coowner. In most instances, a sale of the trustee's right, title, and interest in a joint tenancy or tenancy by the entirety produced only a nominal return for the estate since the purchaser acquired only an expectant estate, contingent upon surviving the other coowner. If the trustee were able to sell the entire estate owned by both coowners and account to the nonbankrupt coowner for such owner's pro rata interest, the purchase price and the estate's share would undoubtedly be higher than when the bankrupt's share was sold alone. Accordingly, in recognition of the economic realities with respect to the interests of coowners and in an effort to maximize the size and amount of the estate property, Congress empowered the trustee or debtor in possession to sell the entire estate, including the other coowner's interest, subject to certain conditions.

1 Norton Bankr. L. & Prac. § 24.18 (1981). Matters had been particularly difficult in cases where tenancies by the entirety were involved since the discharge of one spouse might preclude collection of a judgment against the non-bankrupt spouse from the property.

2 Collier on Bankruptcy ¶ 363.09, at pp. 363–36 to –37 (15th ed. 1989).

It is therefore clear that Code § 363(h) was enacted to enable the trustee to realize more than had previously been available for the estate's interest in real property through sale of the property free and clear of all interests if the conditions listed in § 363(h) are met.

### IV

The Supreme Court has held in *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), that the federal courts must generally look to state law to determine property interests:

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Id.* at 55, 99 S.Ct. at 918.

■ Under New Jersey law, "[e]ach tenant by the entirety is a tenant in common with the other during the joint lives of the spouses. Upon the death of a spouse, the survivor is then the sole owner." *Newman v. Chase*, 70 N.J. 254, 259, 359 A.2d 474, 477 (1976). Real property held by spouses as tenants by the entirety may not be partitioned. By contrast, real property held by tenants in common may be partitioned. *Id.* at 260–61, 359 A.2d at 477.

■ A tenant by the entirety can alienate his or her right of survivorship, and a judgment creditor of either spouse may

levy and execute upon such right. *King v. Greene*, 30 N.J. 395, 412, 153 A.2d 49, 60 (1959). The purchaser at an execution sale of the interest of a debtor spouse in real property becomes a tenant in common with the nondebtor spouse. *Newman v. Chase*, 70 N.J. at 260, 359 A.2d at 477. However, partition is not automatically available in such situations under New Jersey law. *Id.* at 262, 359 A.2d at 478. It is within the equitable discretion of the Superior Court to deny partition. *Id.* at 266, 359 A.2d at 478.

"Tenancies by the entirety, although originally based on the unity of husband and wife at common law, survive as a means of protecting marital assets during coverture and as security for one spouse on the death of the other." *Freda v. Commercial Trust Company of New Jersey*, 118 N.J. 36, 46, 570 A.2d 409, 414 (1990), citing *Newman v. Chase*. However, those social purposes are superseded by others when property held in tenancy by the entirety is sold:

> But whatever social purpose this tenancy was designed to serve in the interest of married parties and whatever the reasons for its continued existence in this State, *there is no justifiable basis for extending it to the personal property which replaces it.* To indulge in the further fiction necessary to achieve such a result serves no useful purpose and acts to frustrate justice. *Furthermore, it runs counter to the policy of this State against recognizing the existence of tenancies by the entirety in personalty.* [emphasis added]

*Fort Lee Sav. & Loan Ass'n v. LiButti*, 106 N.J.Super. 211, 216–17, 254 A.2d 804, 807 (App.Div.1969) (Carton J., dissenting), *rev'd on dissent below* 55 N.J. 532, 264 A.2d 33 (1970).

*LiButti* cites with approval the case of *In re Ved Elva, Inc.*, 260 F.Supp. 978 (D.N.J.1966), in which the court held that a bankruptcy trustee's sale [4] of real property held in tenancy by the entirety destroyed the right of survivorship and rendered it worthless, so that a creditor who had levied only upon the debtor husband's interest was not entitled to any part of the sale proceeds:

> The Trustee's sale destroyed the right of survivorship of the debtor-husband, which petitioner could have sold before the fee title became vested in the Trustee who did sell, just as effectively as would have the death of petitioner's debtor before the other spouse.... *So that no part of the proceeds of the Trustee's sale represented the debtor-husband's potential, future survivor interests— the estate of the entirety with all its incidences, peculiar to spouses in New Jersey real estate, King v. Greene, supra, having been destroyed.* [emphasis added] *Id.* at 982.

Comparison of *King v. Greene*, *Newman v. Chase* and *Freda v. Commercial Trust Company of New Jersey*, on the one hand, with *Fort Lee Sav. & Loan Ass'n v. LiButti* and *In re Ved Elva, Inc.* on the other hand, leads to the following conclusions. The policy of the State of New Jersey reflected in the tenancy by the entirety favors protecting a marital residence during coverture to stabilize the marriage and protect the nondebtor spouse and any dependent children. However, if for some reason the property is nevertheless sold prior to the death of one spouse, the right of survivorship is completely destroyed and has no further value, because tenancies by the entireties in personal property do not exist in New Jersey. It follows that when hypothesizing such a sale for any reason, in or out of bankruptcy, no value should be ascribed to the right of survivorship after sale.

If the right of survivorship is not a property interest which survives sale and constitutes part of the sale proceeds, then what are the owners' remaining interests, and how are they to be measured?

Unless a husband and wife agree to a different arrangement before purchasing real property, they generally consider themselves to be equal owners, even if one spouse contributes more than one-half of

---

**4.** In *Ved Elva* both spouses filed a bankruptcy petition, so the Bankruptcy Act prohibition against sale of the interest of a nondebtor co-owner was not applicable.

the purchase price. A legal presumption of equality of interests has therefore evolved.

We are satisfied that based upon both the pronounced weight of authority and sound public policy the rule is and should be that where title is knowingly taken in both names and the wife provides the purchase money the appropriate presumption is gift by the wife to the husband of that undivided joint interest in the property which the deed purports to vest in him.

*Trotta v. Trotta,* 103 N.J.Super. 295, 300, 247 A.2d 145, 148 (App.Div.1968).

█ If the ownership interests of tenants by the entirety are presumed to be equal, then it follows that each is a half owner. The case law confirms that conclusion. In *Interchange State Bank v. Riegel,* 190 N.J.Super. 139, 144, 462 A.2d 198 (App.Div.1983), the court described each owner's interest as a half interest. For that proposition the court cited *Newman v. Chase,* in which it was held that the nondebtor co-owner was accountable to the person succeeding to the debtor's interest for one-half of the imputed rental value of the house. 70 N.J. at 267, 359 A.2d at 481. *Newman v. Chase* relied for that conclusion on *Lohmann v. Lohmann,* 50 N.J.Super. 37, 45, 141 A.2d 84 (App.Div.1958), in which it was held that in the event of an ouster by a tenant by the entirety, an ousted co-tenant has a right to one-half of the reasonable rental value of the premises. In *Leonard v. Leonard,* 124 N.J.Super. 439, 443–44, 307 A.2d 625, 627 (App.Div. 1973), the court held that where five parcels of real property owned by a former husband and wife are partitioned by transferring three parcels to one party and two to the other, the party receiving properties greater in value than his or her proportionate share must pay the other party the amount required to equalize the partition. And in *ESB, Inc. v. Fischer,* 185 N.J.Super. 373, 448 A.2d 1030 (Ch.Div.1982), the court set aside a fraudulent conveyance of real property by a husband and wife to the wife alone. The court required payment of one-half of the imputed rental value to the plaintiff, a levying judgment creditor of the husband. The court also held:

In the event defendant wife chooses to convey the property to a third party, plaintiff shall be entitled to one-half of the net proceeds up to the amount of the outstanding balance on the debt.

*Id.* at 381, 448 A.2d at 1034.

The court concluded from the foregoing in *Loeber v. Loeber,* 12 B.R. 669, 674 (Bkrtcy.D.N.J.1981), that "[u]pon a division, severance or sale, barring a prior agreement to the contrary, the co-tenants share equally." Therefore, if real property formerly held in tenancy by the entirety and now held in tenancy in common by a bankruptcy trustee and nondebtor spouse is sold by the trustee, each of the owners is entitled to one-half of the net proceeds.

## V

*Butner v. United States, supra,* holds that property interests are defined by state law "*[u]nless some federal interest requires a different result....*" [emphasis added] 440 U.S. at 55, 99 S.Ct. at 918. Even if state law were to the contrary, cases under Code § 363(h) are among those referred to in *Butner* in which a federal interest may require a different result. It is important to note that in *Newman v. Chase,* the plaintiff had purchased the interest of the debtor spouse from his bankruptcy trustee for a nominal sum. As previously noted, under the Bankruptcy Act then in effect the trustee could sell only the debtor's interest in property. However, enactment of Code § 363(h) reflected Congressional dissatisfaction with that situation, and was intended to authorize sale of the entire property to increase cash available to the bankruptcy estate. Norton Bankr. L. & Prac., *supra.* Thus Code § 363(h) was intended to avoid the result in cases such as *Newman v. Chase,* by removing the prohibition against partition in bankruptcy cases and authorizing it if, *inter alia,* the benefit to the estate of such sale outweighs any detriment to the co-owner. Congress has therefore determined that federal interests will sometimes require a different result in such situations than state interests might require.

Both state and federal law require a balancing of the interests of a nondebtor spouse and a sheriff's sale purchaser or bankruptcy trustee who are co-owners of real property. Since *Newman v. Chase,* the scales have usually tipped under state law in favor of the nondebtor spouse: "[w]here, as in the present case, a bankrupt husband lives with his young family in a modest home, we hold that it is within the equitable discretion of the court to deny partition to a purchaser of the husband's interest, leaving the creditor to resort to some other remedy." 70 N.J. at 266, 359 A.2d at 480. The problem with that conclusion in a bankruptcy case is, *there usually is no other remedy to which the creditors can resort.* Most adversary proceedings under Code § 363(h) arise in chapter 7 cases in which the marital residence is the primary or only property of the estate. Except for an occasional debt which is not discharged by virtue of Code § 523 because it was incurred by fraud or for other reasons set forth therein, discharge of a debtor in chapter 7 under Code § 727(b) terminates his liability for all prepetition unsecured claims. Therefore, if the creditors do not collect anything from liquidation of the estate's interest in the marital residence, as a matter of law they do not generally have another opportunity to collect after chapter 7 because their claim is wiped out. Because the suggestion in *Newman v. Chase* that the creditors look elsewhere or wait cannot be pursued after the typical chapter 7 case, there are different equities on the scales of justice here than there are outside of bankruptcy. That difference was one of the reasons for the enactment of Code § 363(h).

If the bankruptcy courts must measure the property interests in such cases in the manner which Mr. and Mrs. Youmans propose here, the creditors will effectively be left in the same position that they held under the Bankruptcy Act, because sale of real property to liquidate a small ownership interest will likely occur far less often than sale to liquidate a one-half interest. A sheriff's sale purchaser or bankruptcy trustee is entitled to one-half of the net proceeds under *ESB, Inc. v. Fisch-*

*er, supra,* if the nondebtor spouse consents to a sale of the property. Therefore, the method of measurement proposed by Mr. and Mrs. Youmans could only be used if the nondebtor spouse objects to the sale. Making the determination of the percentage shares of ownership contingent upon whether the nondebtor co-owner consents to sale or not would defeat the purpose of Code § 363(h) and effectively reinstate the pre-Code law. It follows that even if state law did require usage of a less favorable method of measurement of ownership interests when the nondebtor co-owner objects to sale, the federal interests embodied in Code § 363(h) require usage of the same method employed where the nondebtor co-owner consents to sale. Under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, state law is suspended or void to the extent that it conflicts with federal law.

### VI

In support of their position that Mrs. Youmans' interest is one-half a life estate plus a remainder and that such interest must be measured according to actuarial tables, Mr. and Mrs. Youmans rely upon the unreported decision in *In re Fisher,* No. 88–4129 (D.N.J.1989), and upon several cases which it cites. In *In re Fisher* (not to be confused with *ESB, Inc. v. Fischer, supra* ), the bankruptcy trustee proposed to sell the estate's interest in certain real property held in tenancy by the entirety to the non-debtor spouse. The trustee apparently measured the nondebtor spouse's interest in the manner proposed by Mr. and Mrs. Youmans. A creditor objected to the sale, and then withdrew the objection, but the Bankruptcy Court retained jurisdiction and refused to approve the sale on the ground that the nondebtor spouse's share should be one-half of the equity. The District Court reversed on an unopposed appeal. The District Court relied upon the case of *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), which interpreted Internal Revenue Code § 7403, which permits the IRS to sell jointly owned property to satisfy a tax debt provided that a nondebtor co-owner is paid

his or her share of the sale proceeds. In *Rodgers,* the IRS proposed to sell property free and clear of a nondebtor spouse's homestead interest under Texas law. The Supreme Court held that Internal Revenue Code § 7403 authorized such sale. The case includes the following statement:

> The exact method for the distribution required by § 7403 is not before us at this time. But we can get a rough idea of the practical consequences of the principles we have just set out. For example, if we assume, *only for the sake of illustration,* that a homestead estate is the exact economic equivalent of a life estate, and that the use of a standard statutory or commercial table and an 8% discount rate is appropriate in calculating the value of that estate, then three nondelinquent surviving or remaining spouses, aged 30, 50 and 70 years, each holding a homestead estate, would be entitled to approximately 97%, 89%, and 64%, respectively, of the proceeds of the sale of their homes as compensation for that estate. In addition, if we assume that each of these hypothetical nondelinquent spouses also has a protected half-interest in the underlying ownership rights to the property being sold, then their total compensation would be approximately 99%, 95%, and 82%, respectively, of the proceeds from such sale. [emphasis in original; footnotes omitted.]

*Id.* at 698–99, 103 S.Ct. at 2145.

In *Greene v. Levenhar,* 30 B.R. 976 (Bkrtcy.E.D.N.Y.1983), a Bankruptcy Court relied on the passage from *Rodgers* quoted above to conclude that measurement under Bankruptcy Code §. 363(h) of interests in tenancies by the entirety in New York must be done in the manner suggested by *Rodgers.* In *In re Fisher* the New Jersey District Court followed *Rodgers* and *Levenhar,* and criticized *Loeber, supra,* which held that the nondebtor spouse's share should be one-half of the equity.

This Court finds *Rodgers* and *Levenhar* to be distinguishable, and the reliance placed upon them by *In re Fisher* is therefore misplaced.

First of all, the property rights in *Rodgers* were defined by Texas law, and the property rights in *Levenhar* were defined by New York law. As *Rodgers* noted when attempting to compare Texas homestead rights with life estate and remainder interests, "analogy is somewhat hazardous in this area," because subtle differences in definitions of property interest can cause significant differences in results.[5] *A fortiori,* it is hazardous to compare Texas homestead rights with New York or New Jersey tenancies by the entireties. There may be significant differences between the laws of Texas, New York and New Jersey, or between the types of property interests in question, which limit the value of such comparisons.[6] Moreover, such comparisons are unnecessary because as noted in section IV above, New Jersey case law recognizes that tenants by the entirety and their successors in interest each own a one-half interest.

The second reason why *Rodgers* is distinguishable is that *Rodgers* interpreted Internal Revenue Code § 7403, which is a different federal statute reflecting different federal interests. If the IRS cannot collect delinquent taxes through sale under Internal Revenue Code § 7403, the possibility exists that it may collect from other sources at some other time. However, as previously noted, in the typical bankruptcy case if the creditors don't collect from proceeds of sale under Bankruptcy Code § 363(h), they will never collect because the debtor is discharged of all debts. In enacting § 363(h) Congress expressed its intention that that result should be avoided in appropriate cases.

Thirdly, even as applied to Texas homestead law, the statement in *Rodgers* quoted above is by its own terms admittedly *dic-*

---

5. 461 U.S. at 685–86, 103 S.Ct. at 2138.

6. For example, because the Supreme Court in *Rodgers* analogized the Texas homestead right to a life estate plus a remainder, the District Court in *In re Fisher* analogized each spouse's interest in a New Jersey tenancy by the entirety to one-half a life estate plus a remainder. How-

ever, 41 C.J.S. *Husband and Wife,* § 34 at p. 471 (1944) states regarding tenancies by the entirety that "the right of the survivor to the whole estate is merely an incident of an estate by the entirety *and does not constitute a remainder, either vested or contingent."* [emphasis added]

*tum.* Because *dicta* are by definition statements not needed to decide a case, and which have not been tested by the adversarial process which enlightens the determination of issues, *dicta* are much less reliable than *ratio decidendi,* even when they are the *dicta* of Supreme Court justices. Who knows what the IRS could have shown in *Rodgers* about measurement of homestead rights under Texas law if the parties had put it in issue?

For all of the foregoing reasons, this Court declines to follow *Rodgers, Levenhar* and *In re Fisher,* and follows *ESB, Inc. v. Fischer* and *Loeber* on the question of measurement at issue here.

### VII

Mr. and Mrs. Youmans also argue that Mrs. Youmans has more than a one-half interest because she allegedly paid "a significant portion" of the down payment on the property and a disproportionate share of mortgage expenses and repairs.[7] Assuming, without finding, that these allegations are true, under New Jersey law Mrs. Youmans still owns only a one-half interest by virtue of the holding in *Trotta v. Trotta,* supra.

As for the argument that Mrs. Youmans is entitled to credit if she paid a disproportionate share of mortgage payments and repairs, the case of *Dorf v. Tuscarora Pipe Line Co., Ltd.,* 48 N.J.Super. 26, 37, 136 A.2d 778, 783 (App.Div.1957), held that expenditures made by a spouse on property held by the entirety are presumed to be gifts. That presumption may be rebutted by proof that such payments "were made with the intention, understanding or agreement that they should not be considered gifts, but such proof must be certain, reliable and convincing." *Id.* Mr. and Mrs. Youmans have offered no such evidence on this motion.

It follows that absent proof by clear and convincing evidence to the contrary at trial, Mrs. Youmans will be conclusively presumed to own a one-half interest in the property.

### VIII

As noted at the outset, the subject motion sought only partial summary judgment as to the standards applicable to measuring the parties' property interests. It has been held herein that where a bankruptcy trustee succeeds to the interest in New Jersey real property which a debtor spouse held in tenancy by the entirety with a nondebtor spouse at the commencement of a bankruptcy case, the bankruptcy estate and the nondebtor spouse each own one-half of the property, and the proceeds of any sale of the property will be divided accordingly.

This opinion does not determine the ultimate issue of whether the property in this case shall be sold under Code § 363(h). As previously noted, that question usually boils down to whether the benefit to the estate of sale outweighs any detriment to the nondebtor spouse. The question is a difficult one where there is substantial equity which could be liquidated, but the nondebtor spouse has minor children and sale of the property would be a serious disruption of their lives, perhaps leaving the family without comparable substitute housing. That is of course why *Newman v. Chase* and its progeny have held as they have. By contrast, it has also been held that even where a nondebtor spouse and children will suffer substantial hardship, sale will be authorized under § 363(h) where it is the only way funds would become available for distribution to the debtor's creditors. *Maiona v. Vassilowitch,* 72 B.R. 803, 807 (Bkrtcy.D.Mass. 1987). The answer will always depend upon the facts of the case in question.[8]

The attorney for the trustee is to submit an order consistent with this opinion under the five-day rule.

---

7. Letter brief dated March 7, 1990 in support of motion, p. 5.

8. There is no evidence in this case that Mr. and Mrs. Youmans have filed for divorce, and this opinion therefore does not address closely related questions as to the standards and forum for

determining property interests in a marital residence where the spouses are simultaneously the subject of divorce and bankruptcy proceedings. The Superior Court divides the parties' property interests in a divorce case according to principles of equitable distribution. In such cases the Superior Court has discretion to transfer property interests between spouses without regard to the fact that up to that point they have usually each held a one-half interest. However, it is now beyond dispute in New Jersey that equitable distribution is subject to perfected liens existing at the time of entry of a judgment of equitable distribution. *Freda v. Commercial Trust Company of New Jersey, supra; Interchange State Bank v. Riegel, supra; Sisco v. New Jersey Bank,* 158 N.J.Super. 111, 385 A.2d 890 (App.Div.1978). It is also beyond dispute that as a matter of federal law, a bankruptcy trustee has the rights of a judgment creditor who levies on the debtor's property as of the date the bankruptcy petition is filed. Bankruptcy Code § 544(a)(1) and (2); *In re Blease,* 605 F.2d 97 (3rd Cir.1979). By operation of law the trustee is therefore deemed to have levied on the petition date on the debtor's one-half interest in jointly owned property. Since equitable distribution is subject to perfected liens, a serious question exists as to whether equitable distribution can affect a bankruptcy estate's one-half interest in a jointly-owned marital residence.

As far as the question of forum is concerned, the District Court, and hence this Court by reference, has exclusive jurisdiction over all property of the estate by virtue of 28 U.S.C. § 1334(d). Bankruptcy Code § 362(a)(3) provides that the automatic stay applies to any act to exercise control over property of the estate. Therefore, where one or both of the parties to a divorce case files a bankruptcy petition, the Superior Court does not have authority to determine interests of a debtor in marital property unless relief from the automatic stay is obtained. Where only one party has filed a bankruptcy petition, the other often moves for relief from the automatic stay to permit the Superior Court to determine their property rights in the divorce case. In *Kohn v. Hursa,* 87 B.R. 313 (Bkrtcy.D. N.J.1988), it was held that 28 U.S.C. § 1334(c)(2) requires that the Bankruptcy Court abstain in such cases and permit the Superior Court to determine the property rights. I disagree with *Hursa* that mandatory abstention applies, because one of the elements of mandatory abstention is that the proceeding must be noncore, i.e. related, and in my opinion a proceeding to determine a debtor's rights in a marital residence is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and (O).

That does not preclude permissive abstention under 28 U.S.C. § 1334(c)(1), and I have heretofore abstained on occasion in such cases upon conditions intended to protect the rights of creditors. The concern which has been the basis for such conditions is that the parties can enter into a consent judgment providing for a distribution of property interests in their divorce case which is collusive or fraudulent as to the interests of the debtor's creditors. Since the creditors are not parties to the divorce case, there is presumably no reason for the Superior Court to consider the creditors' interests unless someone speaks on their behalf.

I have heretofore decided the forum for such property divisions on a case-by-case basis. However, for the reasons stated in the first paragraph of this footnote, I now question whether it is ever appropriate to abstain in such cases, if as a matter of law equitable distribution cannot determine the bankruptcy estate's interest in the marital residence to be less than one-half.

The answer to these questions is beyond the scope of this case.