In re John B. HAZLETON, Jr., Debtor.

Bankruptcy No. 91–12624.

United States Bankruptcy Court,
D. New Hampshire.

Feb. 6, 1992.

John P. Rab, Manchester, N.H., for debtor John B. Hazleton, Jr.

Sara B. Crosby, Manchester, N.H., for Federal Home Mortg. Corp.

Jeffery Schreiber, Schreiber & Assoc., Salem, Mass., Trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

On August 7, 1991, the Federal Home Loan Mortgage Corporation (hereinafter "movant") conducted a foreclosure auction sale of debtor's residence. The debtor filed his chapter 7 petition on September 9, 1991. The movant recorded the foreclosure deed on October 4, 1991. Currently before the Court is movant's request for relief from the automatic stay *nunc pro tunc* and for approval of the recording of the foreclosure deed post-petition. The issue for decision is whether the debtor retains any interest, state or Federal, legal or equitable, in the foreclosed property thereby requiring the movant to obtain relief from the automatic stay in order to record the foreclosure deed.

While this Court normally grants unopposed motions for relief from the automatic stay for cause shown, this request is for *nunc pro tunc* relief and it is apparent there is doubt in the movant's mind as to whether there has been a violation of the automatic stay.[1] The whole issue has arisen because N.H.Rev.Stat.Ann. 479:26 "Return; Effect" requires that a foreclosure deed be recorded within 60 days of the sale. The statute provides that failure to record the deed renders the sale void and of no effect. It also provides that: "Title to the foreclosed premises shall not pass to the purchaser until the time of the recording of the deed and·affidavit." [2]

1. The movant made its first motion for relief from stay on November 14, 1991, and amended the motion on November 25, 1991. The motion states that the debtor's counsel and the Bankruptcy Trustee both assented to the requested relief but contains no affidavit from either. In a separate response, the Bankruptcy Trustee responded by stating he had no objection.

The movant is seeking a "comfort order" of this Court because it is concerned that its action may have "clouded" the title to the premises. Movant's "Motion to Waive Preliminary Hearing Ex Parte and to Schedule Final Hearing on Expedited Basis" dated November 13, 1991 states at p. 2, paragraph 6 that "There is no definitive reported decision from this Court on the issue and *The Bank and lender's counsel would like to avoid any cloud on title to the premises, a possible effect of having a recorded (sic) foreclosure deed without the notification and approval from this Court.".* (emphasis added).

2. N.H.Rev.Stat.Ann. 479:26 provides in full:

479:26 Return; Effect.

I. The person selling pursuant to the power shall within 60 days after the sale cause the foreclosure deed, a copy of the notice of ·the sale, and his affidavit setting forth fully and particularly his acts in the premises to be recorded in the registry of deeds in the county where the property is situated; and such affidavit or a duly certified copy of the record thereof shall be evidence on the question whether the power of sale was duly executed.

II. Failure to record said deed and affidavit within the statutory period shall render the sale void and of no effect if there are liens or other encumbrances of record with the register of deeds for said county intervening between the day of the sale and the time of recording of said deed and affidavit.

III. Title to the foreclosed premises shall not pass to the purchaser until the time of the recording of the deed and affidavit. Upon such recording, title to the premises shall pass to the purchaser free and clear of all interest and encumbrances which do not have priority over such mortgage. In the event that the purchaser shall not pay the balance of the purchase price according to the terms of the sale, and at the

## DISCUSSION

Upon the filing of a bankruptcy petition, all of a debtor's legal and equitable interests in property become property of the bankruptcy estate. 11 U.S.C. § 541(a). In *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court held that federal courts must generally look to state law to determine property rights:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Id.* at 55, 99 S.Ct. at 918.[3]

In this matter, the movant relies on N.H.Rev.Stat.Ann. § 479:18 for its conclusion that debtor no longer has any interest in the foreclosed property.[4] That statute allows a statutory right of redemption before the foreclosure sale. *Id.* The debtor did not exercise his right under § 479:18 prior to the foreclosure sale and the majority of cases deciding this issue in analogous situations have held that the debtor's interest in property is thereby terminated. *Abdelhag v. Pflug*, 82 B.R. 807 (Bankr. E.D.Va.1988); *In re Cretella*, 42 B.R. 526 (Bankr.E.D.N.Y.1984); *In re Butchman*, 4 B.R. 379 (Bankr.S.D.N.Y.1980). Thus, the recordation of a foreclosure deed post-petition of a sale that occurred prepetition is not a violation of 11 U.S.C. § 362(a)(3).

That, however, is not the end of the inquiry because this Court must determine whether some federal interest is none-theless implicated by movant's action. Cf. *In re Rancourt*, 123 B.R. 143, 145 (Bankr. D.N.H.1991). As noted in *In re Youmans*, 117 B.R. 113 (Bankr.D.N.J.1990), the Supreme Court's *Butner* decision controls the analysis of property interests "[u]nless some federal interest requires a different result." *Id.* at 118. *Youmans* is a case where federal law alters state property rights as it involved 11 U.S.C. § 363(h) which allows a bankruptcy trustee to sell a non-debtor spouse's interest in property held in the entirety with the debtor spouse.[5] "Congress has therefore determined that federal interests will sometimes require a different result in such situations than state interests might require." *Id.*

The only other case apposite to the issue before this Court is *In re Flowers*, 94 B.R. 3 (Bankr.D.D.C.1988), which arose under the same facts as the present matter. *Flowers* listed the following rights of a debtor after a foreclosure sale: 1) the right to surplus sale proceeds; 2) the right to possession at will until title has passed to the purchaser and an ejectment action has been properly commenced; 3) the right to rents; 4) and all the prior rights the debtor possessed in the event the purchaser fails to pay the purchase price and the trustee elects not to sue for specific performance. The *Flowers* court concluded that these rights as a matter of Federal law, were "plainly a 'property' right within the meaning of Section 362(a)(3)." *Flowers*, 94 B.R. at 7–8. But in the next breath, the court stated:

> But the granting of a deed to the successful bidder and the recording of that

---

option of the mortgagee, the down payment, if any, shall be forfeited and the foreclosure sale shall be void.
N.H.Rev.Stat.Ann. 479:26 (1983 and Supp.1990).

3. There are instances when federal law will determine a debtor's property rights. *See, e.g. In re Fugazy Express, Inc.*, 114 B.R. 865 (Bankr. S.D.N.Y.1990) (Federal Communications Commission licenses); *In re Prudential Lines, Inc.*, 107 B.R. 832 (Bankr.S.D.N.Y.1989) (net operating losses as potential claim for tax refund under carry forward provisions of Internal Revenue Code); *In re American Central Airlines, Inc.*, 52 B.R. 567 (Bankr.N.D.Ia.1985) (landing slots at airport).

4. 479:18 Redemption After Condition Broken. All lands conveyed in mortgage may be redeemed by the mortgagor, after the condition thereof is broken, by the payment of all demands and the performance of all things secured by the mortgage and the payment of all damages and costs sustained and incurred by reason of the nonperformance of its condition, or by a legal tender thereof, *before foreclosure* (emphasis added).

5. A bankruptcy court has recently ruled that 11 U.S.C. § 363(h) unconstitutionally takes a non-debtor spouse's property interest. *In re Persky*, 134 B.R. 81 (E.D.N.Y.1991).

deed arguably are not acts to obtain possession of property of the estate because the debtor's altered rights were by definition subject to the rights of the purchaser to obtain a conveyance of title under District of Columbia law.

*Id.* at 8.

While this Court agrees with *Youmans* and *Flowers* that in certain instances federal interests may supersede state determined property rights, the Court concludes this is not such a situation. The Court holds that a foreclosure sale concluded prepetition terminates any Federal interest of the debtor in the foreclosed upon real property. It therefore follows that the foreclosed property is not part of the debtor's estate and the recordation of the foreclosure deed in compliance with N.H.Rev. Stat.Ann. 479:26 is not a violation of 11 U.S.C. § 362(a)(3).

Accordingly, relief from the automatic stay is not necessary for the simple reason that the § 362 automatic stay does not apply in this situation. Henceforth, parties in this situation in this District need not move for relief from a nonexistent stay but may rely upon the applicable law as thus announced.

In the present case an appropriate order will be entered to clear the record since the issue was raised.