190 N.J. Super. 139 (1983)
462 A.2d 198
INTERCHANGE STATE BANK, PLAINTIFF-RESPONDENT,
v.
JOHN R. RIEGEL, DEFENDANT, AND ELAINE RIEGEL CHAIPIS, CLAIMANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1983.
Decided June 28, 1983.
*141 Before Judges BOTTER, POLOW[1] and BRODY.
Lloyd M. Cohen argued the cause for appellant (Cohen & Cohen attorneys; Lloyd M. Cohen on the brief).
Jonathan N. Harris argued the cause for respondent (Andora, Palmisano, De Cotiis & Harris attorneys; Jonathan N. Harris, on the brief; John P. Palmisano, of counsel).
The opinion of the court was delivered by POLOW, J.A.D.
*142 This is another example of the "title problems and disputes" spawned by tenancies by the entirety. See Newman v. Chase, 70 N.J. 254, 268 (1976) (Sullivan, J., concurring and dissenting). Appellant Elaine Riegel Chaipis (Elaine) and defendant John R. Riegel (John), as husband and wife, purchased their home in February 1976 as tenants by the entirety. In October 1977 a judgment in favor of plaintiff Interchange State Bank (Interchange) against John in the sum of $137,425 was docketed with the Clerk of the Superior Court. On March 3, 1981 a writ of execution was issued and was duly levied upon John's "right, title and interest, if any" in the marital home. Elaine's divorce judgment of March 23, 1981 included a conveyance of the marital premises to Elaine, by way of equitable distribution, "free and clear of any claims of [John]." It provided that the judgment "shall constitute a deed effecting the transfer" of John's interest to Elaine.
In September 1981 Elaine filed a "complaint" in the Law Division designating herself as claimant and naming Interchange as plaintiff and John as defendant,[2] demanding that she be declared the owner of the marital premises free of the Interchange levy. The trial judge awarded summary judgment against Elaine permitting the sheriff to proceed to sell the interest of John as tenant in common not to exceed 50% of the fee in satisfaction of Interchange's judgment. Enforcement of the summary judgment order was stayed pending appeal.
Elaine argues that the trial judge erred in that John had no interest in the real estate upon which levy could be made, that the judgment awarding equitable distribution terminated any *143 interest John may have had as a tenant by the entirety, and that the Law Division determination, if upheld, would require a party seeking equitable distribution "to give notice to all creditors of [the other spouse]." We disagree with all of those contentions and affirm.
The facts are not in dispute. Interchange's judgment was docketed and execution was issued and levied upon before entry of the divorce judgment requiring equitable distribution. Elaine argues that "the only interest which could be attached by a creditor was that interest, if any, remaining as awarded to the husband by way of equitable distribution." Since John was awarded no interest in the marital property by way of equitable distribution, Elaine insists his judgment creditor's levy on this property had no effect. She relies on Sisco v. N.J. Bank, N.A., 158 N.J. Super. 111 (App.Div. 1978). While Sisco did hold that the lien of a judgment creditor against the interest of one spouse in a tenancy by the entirety is limited by the terms of a prior judgment for equitable distribution, we find no hint in the opinion that it was intended to apply where, as here, the judgment for equitable distribution is subsequent to the third party creditor's judgment, execution and levy. Without doubt, the creditor's rights in the property are no greater than those of the debtor spouse. Dvorken v. Barrett, 100 N.J. Super. 306, 309 (App.Div.), aff'd o.b., 53 N.J. 20 (1968). However, we must determine the extent of the debtor spouse's interest upon which the judgment creditor's lien was perfected and the effect of the divorce judgment on that lien.
When Interchange's judgment was entered, when execution was issued and, indeed, when the levy was made, judgment debtor John was still a tenant by the entirety. By execution on the judgment, Interchange was then entitled to succeed to John's status and was thus entitled to an involuntary sale of John's one-half interest in the life estate for the joint lives of husband and wife in addition to the right of survivorship in order that "the creditor may thereby realize some present *144 satisfaction out of the debtor-spouse's assets." King v. Greene, 30 N.J. 395, 413 (1959). However, no sale of John's interest as a tenant by the entirety took place and, within one week after the judgment creditor's levy, the tenancy by the entirety was terminated, permanently and irrevocably, by the entry of the divorce judgment, which, by operation of law, converted the estate by the entirety into a tenancy in common. Mueller v. Mueller, 95 N.J. Super. 244, 248 (App.Div. 1967); Sbarbaro v. Sbarbaro, 88 N.J. Eq. 101 (Ch. 1917). The speculative nature of the debtor spouse's interest in the title dependent upon his right of survivorship disappeared with the dissolution of the marriage and was replaced by operation of law, by a fixed, determinable interest, that of a tenant in common. The ultimate interest of the debtor-spouse husband no longer faced extinction if the husband predeceased the wife. Conversely, the husband's interest also lost the potential of growing into an absolute fee interest if the husband survived the wife. It became a determinable, undivided half interest subject to partition or execution sale to satisfy the lien of the creditor's judgment. Newman v. Chase, supra, 70 N.J. at 260-262.
Elaine argues that since the divorce judgment itself ordered the transfer of her husband's interest to her by way of equitable distribution, "John R. Riegel had no interest in the property sought to be levied upon ..." and that the divorce judgment thus "takes precedence" over the prior lien. Her rationale lacks support in logic or law. Since the judgment creditor's lien on John's interest preceded the divorce judgment, the matrimonial court could not, ipse dixit, limit or eliminate the prior lien of a nonparty creditor by manipulation of the equitable distribution provisions in the divorce judgment. Thus, the order that John's interest in the real estate be transferred to Elaine was subject as a matter of law to valid lien claims against that interest. That interest, when the levy on Interchange's judgment was made, was John's tenancy by the entirety. When his tenancy by the entirety was then converted into a tenancy in common by operation of law, the lien did not evaporate *145 but remained in effect against the judgment debtor's interest as thus converted. It could not be defeated simply by the entry of a separate divorce judgment provision for equitable distribution. Although, as appellant argues, "the matrimonial court is charged with ... making equitable distribution of property, N.J.S.A. 2A:34-23," such equitable distribution is subject to existing liens. The power to order equitable distribution may not be used to deprive the nonparty claimant of its prior lien claim.
Appellant's further argument that she "is not required to give notice to all creditors of ... John R. Riegel of her claim for equitable distribution" lacks relevance. The rights of a priority lien claimant may not be diminished by a subsequent judgment for equitable distribution, with or without notice. Thus, there is no need for nor purpose to be served by such notice. All property distribution awards from one spouse to the other in a divorce judgment are subject to existing liens and no valid, properly perfected prior lien may be extinguished or diminished by an award between spouses for equitable distribution. Furthermore, we note that the "Amended Judgment of Divorce" ordering transfer of John's interest in the marital home to Elaine also provided that "this amended judgment of divorce shall constitute a deed effecting the transfer ... and shall be recorded with the Bergen County Clerk's office having the same effect as a deed as if executed by defendant John Riegel." There can be little doubt that if a deed had been executed by John the conveyance would have been subject to the judgment creditor's lien claim. Thus, the judgment "having the same effect as a deed" executed by John is also subject to the lien.
We are satisfied that the trial judge correctly dismissed Elaine's demand to be relieved of the lien claim against John's interest as a tenant in common which was transferred to her by the divorce judgment. Any execution sale under the judgment lien will be subject to adjustments for mortgage, tax, insurance and maintenance expenses as against the value of use and *146 occupation of the premises. Newman v. Chase, supra, 70 N.J. at 267. Here, it does not appear that there was an ouster of one co-tenant. John did not participate in this proceeding or the divorce action. He apparently left the premises voluntarily to be occupied solely by claimant and her family. Absent ouster, Elaine would not be required to account for use and occupation. Ibid.
Affirmed.
NOTES
[1] Counsel have consented to Judge Polow's participation although he did not hear oral argument.
[2] Appellant apparently intended to intervene in the original action between Interchange and John. The appellate record fails to indicate whether the procedure for intervention set forth in R. 4:33-3 was followed. Although the complaint and related documents carry the original Interchange v. Riegel docket number, L-52407-76, the judgment dismissing Elaine's complaint bears docket number L-2557-81.