**In re Joseph M. BECKER, Debtor.**

**Bankruptcy No. 90–35421.**

United States Bankruptcy Court,
D. New Jersey.

Feb. 3, 1992.

Kathleen McCormick Campi, Harris, Dickson, Buermann, Camp, Ashenfelter & Boyd, Upper Montclair, N.J., for Joan T. Becker.

Theodore Liscinski, Jr., Lanfrit, Liscinski & Rosenwasser, Somerset, N.J., for trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

Joan T. Becker filed a motion for leave to proceed in the Superior Court of New Jersey with equitable distribution of assets which Joseph M. Becker owned when he filed a bankruptcy petition and in which Mrs. Becker claims an equitable interest.

Theodore Liscinski, Jr., the debtor's bankruptcy trustee, objected. On March 4, 1991, this court denied the motion for the reasons set forth in this opinion. This court has jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). This shall constitute the court's findings of fact and conclusions of law.

## I.

The following facts are undisputed for purposes of this motion.

On December 4, 1990, Mr. Becker filed a petition for relief under chapter 7 of title 11, United States Code ("Bankruptcy Code" or "Code"), 11 U.S.C. § 101 *et seq.*

On March 2, 1990, Mrs. Becker filed a complaint for divorce in the Superior Court of New Jersey. Mr. and Mrs. Becker were married in 1955. Their four children are emancipated. Mrs. Becker was a full time wife and mother. She has not worked outside the home since 1959. Mr. Becker has been ordered to pay *pendente lite* support to Mrs. Becker. Those payments are her only source of income, and he is in arrears.

Mr. and Mrs. Becker separated and sold the marital residence in 1986. The net proceeds of sale were $92,000, all of which Mr. Becker kept and used to purchase his current residence, a condominium. At the time of separation, Mr. and Mrs. Becker also possessed investment accounts worth more than $500,000 with brokerage firms. Mr. Becker controlled these accounts. He has certified to the superior court that since the separation he has lost everything in these accounts through gambling and investing in options. In addition, the mortgages which Mr. Becker has placed on his new residence apparently exceed its value. Mrs. Becker and the trustee agree that the debtor's only remaining assets as of the filing of the bankruptcy petition are his pension and profit sharing plans worth approximately $85,000, and his residence. Because there is no equity in Mr. Becker's residence, Mrs. Becker alleges that the pension and profit sharing plans are the only assets which can be equitably distributed. The trustee responds that the unsecured claims against Mr. Becker are approximately $200,000. The trustee's objection to the subject motion is based on his concern that because Mr. Becker squandered approximately $592,000 from the investment accounts and the equity in their marital residence, the superior court may award the entire value of the pension and profit sharing plans to Mrs. Becker, leaving Mr. Becker's unsecured creditors without recourse since they are not parties to the divorce action.

Trial of the matrimonial action was scheduled for March 19, 1991, approximately two weeks after the return date of this motion.

## II.

The filing of a bankruptcy petition creates an estate under Code section 541 which consists essentially of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541. The debtor's interest in property which is jointly owned with a non-debtor spouse therefore becomes property of the bankruptcy estate upon the filing of a bankruptcy petition. Under 28 U.S.C. § 1334(d), the district court, and hence the bankruptcy court, as a unit of the district court, has exclusive jurisdiction over all property of the estate. Bankruptcy Code sections 362(a)(1) and (3) operate as an automatic stay of judicial proceedings to recover prepetition claims against the debtor, and of acts to exercise control over property of the estate. Thus, the filing of a bankruptcy petition stays equitable distribution in a divorce case of a debtor's interest in marital assets.

However, Code section 362(b)(2) provides that the filing of a bankruptcy petition does not operate as a stay of proceedings to collect alimony, maintenance or support from property that is not property of the estate. Under Code section 541(a)(6), postpetition earnings from services performed by an individual debtor are not property of the estate in a chapter 7 or chapter 11 case. Thus, proceedings to collect alimony, maintenance or support from a debtor's postpetition earnings in a chapter 7 or 11 are not subject to the automatic

stay.[1] A complaint for divorce is also not subject to the automatic stay. *In re Schok*, 37 B.R. 399 (Bankr.D.N.D.1984); *In re Cunningham*, 9 B.R. 70 (Bankr.D.N.M. 1981).

To summarize, the filing of a bankruptcy petition stays the determination in a divorce case of the interests of a debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance or support. Other aspects of a divorce case, such as the dissolution of the marriage, child custody issues, and collection of alimony, maintenance and support from postpetition earnings in a chapter 7 or 11 case, are not stayed.

## III.

■ Mrs. Becker relies on *Kohn v. Hursa (In re Hursa)*, 87 B.R. 313 (Bankr. D.N.J.1988), which held that 28 U.S.C. § 1334(c)(2) requires that bankruptcy courts abstain from determining property interests of debtor and nondebtor spouses where state courts can determine such interests under principles of equitable distribution in pending divorce proceedings.

■ For mandatory abstention under 28 U.S.C. § 1334(c)(2) to apply, the proceeding in question must be a noncore, related proceeding. *See, e.g., In re Tidwell Industries, Inc.*, 87 B.R. 345, 348 (Bankr.E.D.Pa. 1988); *In re Baptist Medical Center*, 80 B.R. 637, 645 (Bankr.E.D.N.Y.1987); and *In re Allegheny*, 68 B.R. 183, 192 (Bankr. W.D.Pa.1986). For the following reasons, it is the opinion of this court that an action to determine the interests of a bankruptcy estate in property is a core proceeding.

■ Core proceedings are those which arise under the Bankruptcy Code, or which arise in bankruptcy cases. 28 U.S.C. § 157(b)(1); *In re Wood*, 825 F.2d 90 (5th Cir.1987). Core proceedings "include most matters which are integral to the adjudication of bankruptcy or were traditionally

before the bankruptcy court." *Gaslight Club v. Official Creditors Committee*, 46 B.R. 209, 211 (N.D.Ill.1985). Proceedings "arising under" the Bankruptcy Code are those which would not arise but for the Bankruptcy Code. *In re S.E. Hornsby & Sons Sand and Gravel Co.*, 45 B.R. 988, 995 (Bankr.M.D.La.1985). Such proceedings include actions under the avoiding powers of the Code. *Id.* *See also* 1 *Collier on Bankruptcy* ¶ 3.01[1][c][iii], at 3–24 (15th Ed.1983). Proceedings "arising in" bankruptcy cases are generally stated to be those which would arise only in bankruptcy cases, such as proceedings to determine claims against the bankruptcy estate or the dischargeability of debts. *In re Wood*, 825 F.2d at 96. *See also* 1 Bankruptcy Service—L.Ed. § 2C:11, at 17–18 (1989).

■ Property interests are generally created and defined by state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). However, the question of what constitutes property of a bankruptcy estate is ultimately a federal question. *In re Loughnane*, 28 B.R. 940, 942 (Bankr.D.Colo.1983). This is in part because the Bankruptcy Code gives a trustee certain rights which do not exist outside of bankruptcy. Those rights include the rights of a hypothetical judgment creditor who has levied on the debtor's property as of the date the bankruptcy petition is filed, whether or not any such creditor exists. 11 U.S.C. §§ 544(a)(1) and (2); *In re Blease*, 605 F.2d 97 (3d Cir.1979). The trustee's rights under the avoiding powers in Code sections 544 through 551 are property of the estate. Thus, the bankruptcy estate's interest in property is not necessarily limited to the extent of the *debtor's* interest in such property. It can often be supplemented by rights which only a bankruptcy *trustee* possesses. *In re Great Plains Western Ranch Co.*, 38 B.R. 899, 903 (Bankr.C.D.Cal.1984). The determination of the extent of a bankruptcy estate's inter-

---

**1.** This is *not* true in chapter 13 cases. Code section 1306(a)(2) provides that a debtor's postpetition earnings in chapter 13 are property of the estate. The automatic stay therefore does enjoin proceedings to collect alimony, mainte-

nance or support from a chapter 13 debtor, and relief from the automatic stay must be obtained in such cases before such collection actions can proceed.

est in property in which the debtor had an interest therefore arises under the Bankruptcy Code. It also arises only in bankruptcy cases. For both reasons, such a determination is a core proceeding.

Moreover, core proceedings include, but are not limited to, proceedings to sell property of the estate, proceedings to turn over property of the estate, and other proceedings affecting liquidation of the assets of the estate. 28 U.S.C. § 157(b)(2)(E), (N) and (O). As part of such proceedings, bankruptcy courts must necessarily determine whether property is property of the estate, and to what extent. Bankruptcy courts make such determinations virtually every business day. If such determinations are not core proceedings which can be made by the bankruptcy courts under 28 U.S.C. § 157(b), the ability of the bankruptcy courts to administer bankruptcy estates effectively and expeditiously would cease.

Since the determination of the bankruptcy estate's interest in property is a core proceeding, mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply. This court declines to follow *Hursa* to the extent that it held otherwise.

### IV.

■ However, the fact that this court is not required by 28 U.S.C. § 1334(c)(2) to abstain from determining the bankruptcy estate's interest in property which was jointly owned by a debtor and nondebtor spouse is not dispositive. The next question is whether this court should exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1), which states:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

It has been held that bankruptcy courts should consider various factors in deciding whether to abstain under 28 U.S.C. § 1334(c)(1). *See In re Ionosphere Clubs,*

*Inc.,* 108 B.R. 951 (Bankr.S.D.N.Y.1989), *Matter of Foster,* 105 B.R. 746 (Bankr. M.D.Ga.1989), and *In re Republic Reader's Service, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex. 1987). This court has considered all of the factors discussed in those cases, and concludes that two considerations make it inappropriate to abstain here.

First of all, the estate's interest in the debtor's pension and profit sharing plans is apparently the only possible source of payment for the unsecured creditors in this case.[2] Except to the extent that the unsecured creditors receive a distribution in the bankruptcy case, Code section 524(a) provides that the bankruptcy discharge generally terminates the debtor's liability on those claims. The determination of the estate's interest in the pension and profit sharing plans is therefore the most important proceeding in the bankruptcy case from the unsecured creditors' perspective.

Secondly, and most importantly, the determination of the respective property interests of a bankruptcy estate and a nondebtor spouse requires careful consideration of the relationship between applicable bankruptcy law and nonbankruptcy law, and the bankruptcy court is the preferable forum to make such determinations, for the reasons which follow.

■ In *Kohn v. Hursa (In re Hursa),* *supra,* the bankruptcy court held that where an individual is simultaneously a debtor in a bankruptcy case and a party to a divorce case against a spouse who is not in bankruptcy, the bankruptcy court must abstain to permit the state court to determine the parties' respective interests in jointly owned property. This was based in large part upon the court's conclusion that the determination of the parties' respective property interests would be governed by principles of equitable distribution. However, in *In re Youmans,* 117 B.R. 113 (Bankr.D.N.J.1990), this court expressed its doubts as to whether such principles apply where a bankruptcy estate has succeeded to the debtor's property interests before

---

**2.** By contrast, the plans are not Mrs. Becker's only possible source of payment. Mr. Becker's postpetition income is available for alimony, maintenance and support.

the state court enters a judgment of equitable distribution. *Id.* at 121–22, n. 8. This court now holds that for the reasons and because of the authorities which follow, principles of equitable distribution are not applicable to determine the bankruptcy estate's interest in jointly owned property.

▇▇▇▇ Under N.J.Stat.Ann. 2A:34–23, the superior court is authorized in connection with a judgment of divorce to make an equitable distribution of property acquired by either or both spouses during the marriage. The superior court is required to allocate the marital assets in a manner that will be just to the parties under the circumstances of the case. *Painter v. Painter,* 65 N.J. 196, 209, 320 A.2d 484, 490 (1974). Equitable distribution is a three step process. First, the judge must decide what property is eligible for distribution. Second, the judge will determine the property's value for purposes of such distribution. Third, the judge must decide how such distribution can be accomplished equitably. *Rothman v. Rothman,* 65 N.J. 219, 232, 320 A.2d 496, 503 (1974).

▇▇▇▇ However, transfers of property interests under equitable distribution are subject to existing liens. *Freda v. Commercial Trust Co.,* 118 N.J. 36, 46, 570 A.2d 409, 414 (1990). "Since the judgment creditor's lien on [the husband's] interest preceded the divorce judgment, the matrimonial court could not, *ipse dixit,* limit or eliminate the prior lien of a nonparty creditor by manipulation of the equitable distribution provisions in the divorce judgment." *Interchange State Bank v. Riegel,* 190 N.J.Super. 139, 144, 462 A.2d 198, 200 (App.Div.1983).[3] Under Code sections 544(a)(1) and (2), a bankruptcy trustee has the rights of a judgment creditor who levies on the debtor's property as of the date the bankruptcy petition is filed, whether or not such a creditor exists. *In re Blease,* 605 F.2d 97 (3d Cir.1979).[4] The filing of a bankruptcy petition is therefore the legal equivalent of a levy by the trustee upon all of the debtor's property as of the petition date. It follows that equitable distribution cannot alter a bankruptcy estate's rights in property in which the debtor had an interest on the petition date, whether jointly owned or otherwise.

The extent of the debtor's interest in such property on the petition date must still be determined by applicable nonbankruptcy law except to the extent that the Code provides otherwise, but principles of equitable distribution are not the applicable nonbankruptcy law for the reasons stated above. The court has not yet been asked to determine, and there is insufficient evidence on this record to determine, the extent of the estate's and Mrs. Becker's respective interests in the pension and profit sharing plans in question.

## V.

Of course, the applicable law does not in itself determine the appropriate forum for the determination of property interests. There are divergent lines of authority on the question of forum. *Collier's* offers the following analysis in discussing a bankruptcy estate's interest in community property:

Frequently, a bankruptcy case is commenced by one spouse during the pendency of a dissolution or divorce proceeding. The bankruptcy petition terminates the jurisdiction of the divorce or dissolution court over, at least, the non-exempt

---

**3.** Although the New Jersey Supreme Court agreed with *Interchange State Bank* on this point in *Freda v. Commercial Trust Co., supra,* it limited *Interchange's* holding regarding the exercise of the creditor's rights by holding that a right of survivorship exists after divorce as a bar to forced sale and partition. *Freda,* 118 N.J. at 48, 570 A.2d 409. This appears to have modified existing case law to the effect that a divorce judgment converted a tenancy by the entirety into a tenancy in common, which is subject to partition. However, distinctions between types of tenancies have no material bearing on whether jointly owned real property should be sold under the Bankruptcy Code. *See* Code § 363(h); *In re Youmans, supra.*

**4.** Although *Blease* was decided under the former Bankruptcy Act, its holding is still alive and well, because the New Jersey statutes at issue in *Blease* have not changed, and the "strong arm" powers of a trustee under Code section 544(a) are the same as they were under the Act. *See Blease,* 605 F.2d at 97, n. 1.

assets of the spouses until all creditors are paid in full. The jurisdiction of the bankruptcy court is exclusive because the initiation of divorce or dissolution proceedings does not terminate either spouse's management and control over community property by placing the community property in custodia legis of the divorce court. However, if the property has been divided by a final order of the divorce court, the bankruptcy estate is bound by the terms of that order, subject to any rights which creditors may retain.

As noted, if legitimate creditor interests are not served by the bankruptcy case and the debtor, because of clear solvency, does not seek a discharge, the bankruptcy court may abstain from hearing the case and return the matter to the divorce or dissolution court for appropriate administration. However, if legitimate creditor interests exist in the case of a solvent debtor involved in a divorce proceeding, a prudent approach would be for the bankruptcy court to expeditiously liquidate sufficient assets to pay creditors in full and then return the case to the dissolution court. This procedure has been recommended because the divorce or dissolution court is a wholly inadequate forum for resolving creditor claims.

4 *Collier on Bankruptcy, supra,* ¶ 541.15, at 541–87. *See also In re Teel,* 34 B.R. 762 (9th Cir.B.A.P.1983).

Although *Collier's* analysis and the cases which it cites focus on division of community property, no distinction is apparent between community property and other forms of ownership which suggests why the approach taken by the Ninth Circuit and *Collier's* is only valid as to community property.

By contrast, opinions favoring abstention by the bankruptcy court in this context include *Hursa, supra* and *In re White,* 851 F.2d 170 (6th Cir.1988). In *White,* the circuit court held that it was not an abuse of the bankruptcy court's discretion to abstain and permit an Ohio divorce court to determine the interests of the debtor and a nondebtor spouse in marital assets. *Id.* at

174. The court in *White* agreed with the bankruptcy court that the divorce court had greater expertise in that area. *Id.* at 173.

■ This court agrees completely with *White's* holding that it is within the discretion of the bankruptcy court to abstain in these situations, for the reasons stated above. A determination as to whether or not abstention is appropriate might depend in part upon the applicable state law. If the law of Ohio is materially different from the statutory and case law of New Jersey cited herein, then *White* is distinguishable. If, however, the applicable law of Ohio and New Jersey is comparable, then this court disagrees with the holding in *White* that abstention is preferable, for the reasons set forth above. *White* and *Hursa* overlook the fact that the determination of a bankruptcy estate's interest in jointly owned property is not solely a matter of state law; the estate includes rights which the debtor did not have, because of the trustee's powers of avoidance under Code sections 544 through 548. If a New Jersey divorce court simply applies principles of equitable distribution as if the bankruptcy trustee were not equivalent to a creditor with a perfected lien on the debtor spouse's property interests, it will err as a matter of law in these situations.

### VI.

This court has heretofore decided such abstention questions on a case by case basis, but in *In re Youmans,* 117 B.R. at 121, n. 8, I expressed reservations as to whether it is ever appropriate to abstain in these situations. Although I will continue to decide such questions case by case, I will not ordinarily be inclined to abstain for the reasons set forth herein.

I acknowledge that such situations typically present difficult factual and legal questions, and it may be appropriate to abstain in some cases on conditions which adequately protect the estate's interests. However, it has proven difficult to provide such protection. For example, in one recent case in which I abstained, the superior court determined that the property inter-

ests were to be sold and divided equally, but then imposed a trust on a substantial part of the debtor spouse's interests as security for his future alimony and support obligations. This had the effect of frustrating the trustee's efforts to fulfill his duty under Code section 704(1) to distribute the estate's share to creditors. I share the concern expressed in *White* as to whether the bankruptcy court can review or reject the allocation of the marital estate once the automatic stay is lifted, unless the state court has exceeded the authority granted to it under the bankruptcy court's order. *Id.* at 173. Therefore, any order of abstention should be carefully drafted in recognition of the trustee's duty under Code section 704(1) to distribute funds and close the estate as expeditiously as possible.

### VII.

In closing, it is important to note several points. First, equitable distribution certainly can be employed to determine division of the property of the estate in any cases in which a debtor's creditors have been paid in full (although such bankruptcy cases are uncommon).

In the same vein, the principles discussed herein regarding the determination of property interests assume that the bankruptcy estate has such interests. To the extent that property is exempt under Code section 522, the estate has no interest in whether the superior court applies such property to a debtor's alimony, maintenance and support obligations, under Code sections 522(c)(1) and 523(a)(5).

Lastly, this court certainly shares the concern expressed in *Hursa* about the treatment of a debtor's family in bankruptcy cases, and will take such concern into account in addressing property division questions as they arise.

The trustee shall submit an order under the five day rule.