778 A.2d 615 (2000)
343 N.J. Super. 395
Martha VARELA, Plaintiff
v.
Wilfredo VARELA, Defendant.
Superior Court of New Jersey, Chancery Division, Family Part, Hudson County.
Decided June 29, 2000.
*616 John L. Weichsel, Hackensack, for Plaintiff (Office of John L. Weichsel).
Marcel R. Plaut, West New York, for Defendant (Office of Marcel R. Plaut).
Steven P. Kartzman, Bankruptcy Trustee, Morris Plains (Wacks, Mullen & Kartzman, L.L.C.).
COSTELLO, J.S.C.
This is a motion for summary judgment filed by the bankruptcy trustee (hereinafter "trustee"). The parties were married 37 years. Defendant is a physician, plaintiff has essentially been a housewife throughout their marriage. She worked briefly at the beginning, and periodically throughout the marriage as the unpaid bookkeeper and office manager in defendant's medical practice.
Plaintiff filed a Complaint seeking a divorce and defendant filed an Answer and Counterclaim. Thereafter, defendant filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code and a trustee was appointed by the bankruptcy court for the debtor's estate. The trustee filed an unopposed motion to intervene in this matter for the sole purpose of taking part in the litigation of equitable distribution issues, which was granted.
This is clearly the proper forum to decide issues of allocation. Bankruptcy courts recognize that "[i]t is in balancing the equities and coming to a decision of what equitable distribution consists of that is the unique province of the matrimonial judge." In re Hursa, 87 B.R. 313, 315 (Bankr.D.N.J.1988). The four assets which are the subject of this motion are (1) defendant's medical practice, (2) a real estate investment in the Dominican Republic ("Zona Franca"), (3) the marital home and (4) proceeds from the sale of jointly owned property in Florida. The trustee seeks to have the entire practice and Zona Franca excluded from equitable distribution and to have 50% of the other two assets excluded from equitable distribution. I have received opposition from plaintiff, the motion is unopposed by defendant.
The issue presented here is the extent of the parties' and the trustee's rights in property held in part or in whole by the debtor spouse, when a petition for bankruptcy was filed after a divorce action but before a judgment in the divorce action has been rendered. The creditor's position will be amply set forth in this proceeding. The trustee holds the equivalent of a levy on the debtor's property that is in the debtor's name at the time bankruptcy is filed (up to the satisfaction of the debts, of course.) 11 U.S.C. § 541. The trustee's intervention in this case assures that the issue of whether this asset is subject to equitable distribution and how much, if any, will be allocated to plaintiff will not be decided without the creditors *617 being represented. Cf. In re Becker, 136 B.R. 113, 119 (Bankr.D.N.J.1992)(holding that the bankruptcy court should exercise its powers to distribute assets among the unsecured creditors while a divorce action is still pending in disregard of a wife's interests based on the fact that it is the proper forum to decide issues relating to a bankruptcy and expressing concern that the creditor's rights will not be properly addressed in state court.)
Bankruptcy courts defer to state law in determining property rights. In re Berlingeri, 246 B.R. 196, 199 (Bankr. D.N.J.2000); In re Hursa, supra at 315. The applicable New Jersey statute is N.J.S.A. 2A:34-23, which authorizes equitable distribution as follows:
In all actions where a judgment of divorce... is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effect an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.
Rothman v. Rothman, 65 N.J. 219, 232, 320 A.2d 496 (1974) requires that the Court engage in a three-step process to determine equitable distribution:
In receiving and considering evidence designed to equip him to make an equitable distribution of marital assets, a trial judge enters upon a three-step proceeding. Assuming that some allocation is to be made, he must first decide what specific property of each spouse is eligible for distribution. Secondly, he must determine its value for purposes of such distribution. Thirdly, he must decide how such allocation can most equitably be made. [Footnote omitted.]
The trustee argues that under the first step, the assets should be excluded. A narrow reading of several cases cited by the trustee, particularly decisions made in non-bankruptcy contexts, indicates that a spouse's rights in equitable distribution do not exist until a final allocation is made. Carr v. Carr, 120 N.J. 336, 353, 576 A.2d 872 (1990) involved a case where one spouse died during the pendency of the matrimonial action. The Court ruled that the other party's claim for equitable distribution did not survive since no final allocation had been made, but that a constructive trust for the value of the claim could be imposed on the decedent's estate to the extent necessary to achieve equity and avoid unjust enrichment. Freda v. Commercial Trust Co., 118 N.J. 36, 49, 570 A.2d 409 (1990) held that where an innocent bank issued a mortgage on realty before the parties ever separated on the basis of the husband's forgery of the wife's signature, the bank's claim would not be defeated by a subsequent transfer of the realty to the wife in the matrimonial action.
Other cases clarify that a creditor's rights only extend to the interest a debtor has in property, which interest is defined by an equitable distribution award. Vander Weert v. Vander Weert, 304 N.J.Super. 339, 351-52, 700 A.2d 894 (App.Div.1997) held that a creditor's lien placed on the husband's interest in property held by tenancy by the entirety after a divorce complaint was filed is subject to the wife's equitable interest. The Court ruled that one spouse in a divorce action cannot be allowed to take unilateral action affecting the other's interests. Vander Weert, supra, at 349, 700 A.2d 894. While the context in Vander Weert was that of a voluntary lien by husband's lawyer, the result should be no different in a case involving a voluntary petition for bankruptcy. Interchange State Bank v. Riegel, 190 N.J.Super. 139, 143-44, 462 A.2d 198 (App.Div. 1983) held that a judgment obtained by a *618 creditor against a husband's interest in marital property could not be defeated by an equitable distribution claim, but that the creditor's rights were no greater than the debtor's rights. Sisco v. New Jersey Bank, N.A., 158 N.J.Super. 111, 122-23, 385 A.2d 890 (App.Div.1978) held that a wife's allocation of a percentage in the marital home was superior to a judgment creditor's lien: "Or, to put it another way, so much of his undivided interest as a tenant in common became encumbered by the lien imposed thereon by the [divorce] judgment as was necessary to assure receipt by the plaintiff of her 60% share of the net proceeds of the sale." See also In re Lawrence, 237 B.R. 61, 86 (Bankr. D.N.J.1999) in which the Court reached the same end by a more tortured path, ruling that the trustee had a 50% interest in jointly owned property, but that the wife was entitled to a priority lien against the estate for the monetary value of her equitable distribution claim.
Plaintiff's position here is that at trial she is entitled to prove that she should receive more than 50% of certain assets. She will rely on such factors as the length of the marriage, N.J.S.A. 2A:34-23(b)(2), and her active participation in building up defendant's medical practice and net worth by working during the early part of the marriage after their emigration from Cuba so that her husband could learn English and obtain his medical license, and by acting as defendant's unpaid bookkeeper in the practice, N.J.S.A. 2A:34-23(b)(9). She will also argue that since defendant is 68 years old and cannot be expected to work indefinitely, she is entitled to sufficient assets to ensure her continued support. See Rothman, supra, at 229, 320 A.2d 496. The trustee and the defendant will be able to challenge plaintiff's proofs at trial and to present proofs of their own on all factors they deem relevant to equitable distribution.[1]
Accordingly, the trustee's motion for summary judgment is denied.
NOTES
[1] I do not comment on whether any aspect of a settlement or a judgment here would be non-dischargeable, except to note that alimony awards are generally non-dischargeable under 11 U.S.C. § 523(a)(5)(2000), and equitable distribution awards may be non dischargeable if they are primarily intended to assure continued support under 11 U.S.C. § 523(a)(15).