**In re Glenn W. HOWELL, Debtor.**

**No. 03–39507 (RTL).**

United States Bankruptcy Court,
D. New Jersey.

July 1, 2004.

---

Diane L. Proulx, Sapiro & Gottlieb, Esqs., Attorneys for Rebecca Howell.

Barry J. Roy, Booker, Rabinowitz, Trenk, Lubetkin, Tully, DiPasquale &

Webster, P.C., West Orange, NJ, Attorneys for John M. McDonnell, Trustee.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

Rebecca Howell, the estranged wife of the Debtor, Glenn Howell, moves for relief from the automatic stay to proceed in state court for an equitable distribution of marital property. Under state law, the right to equitable distribution does not arise until a judgment of divorce has been entered; thus, Rebecca Howell's pending state court complaint seeking divorce and equitable distribution is not a claim that arose before commencement of this bankruptcy case. The automatic stay does not apply to Rebecca Howell's state court action for equitable distribution of the debtor's property that is not property of the bankruptcy estate; e.g. exempt property, postpetition earnings, property abandoned by the trustee, or debtor surplus.[1] The court has issued an order clarifying that stay relief is unnecessary: (*i*) to pursue equitable distribution of the debtor's property that is not property of the estate; (*ii*) to seek an allowance or modification of an order for alimony; or (*iii*) for the collection of alimony from non-estate property.

With regard to property of the estate, the automatic stay of 11 U.S.C. § 362(a)(3) stays any act to exercise control over property of the estate. The trustee as a hypothetical lien judgment creditor has a superior interest to Rebecca Howell's pending action for equitable distribution of estate property. Her motion for relief from the automatic stay to seek equitable distribution of estate property is denied.

## JURISDICTION

The bankruptcy court has jurisdiction over this motion under 28 U.S.C. § 1334(a), (b) and (e); 28 U.S.C. § 157(a) and the Standing Order of the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 and all proceedings arising under Title 11 of the United States Code to the bankruptcy judges in this district. This motion is a core proceeding that may be heard and decided by a bankruptcy judge pursuant to 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

## FACTS AND PROCEDURAL HISTORY

Debtor, Glenn Howell, and Rebecca Howell were married on January 19, 1991. During most of the twelve-year marriage, Ms. Howell cleaned houses and paid all of the household expenses because Mr. Howell was either not working or earned an insufficient amount of money to cover their basic needs. In 2002, Mr. Howell decided to start his own home improvement business and implored Ms. Howell to stop working because he believed that he was making enough money to support the couple. Ms. Howell claims that shortly thereafter, Mr. Howell refused to give her any money and began mingling the business and household expenses. The parties separated in January 2003.

Unfortunately, in February 2003 Ms. Howell was diagnosed with breast cancer. Ms. Howell claims that her husband was unwilling to provide financial support during this time. In May 2003, Ms. Howell filed a complaint for divorce in the Superior Court of New Jersey and a motion for pendente lite relief in an effort to obtain

---

**1.** Ms. Howell may seek equitable distribution of marital property titled in her name since it is not property of the estate. The Trustee has not asserted any right to seek equitable distribution as successor to Mr. Howell.

funds for her chemotherapy. The Honorable Fred Kieser, Jr., J.S.C. granted support in the amount of $500 per week, plus roof expenses and health care expenses. Mr. Howell made one $500.00 payment to Ms. Howell but has not made any other support payments. As of February 2004, Mr. Howell owed $18,500 in spousal support alone.

Due to Mr. Howell's refusal to pay spousal support, Judge Kieser issued two bench warrants for Mr. Howell's arrest, one in September 2003 and one in October 2003. In addition, Mr. Howell was found in contempt of court and his personal and commercial driver's licenses were both suspended.

On September 8, 2003, Mr. Howell filed for bankruptcy. The state court has not proceeded with the matrimonial action because of this bankruptcy proceeding, and no final judgment regarding the parties' marital assets has been entered. Mr. Howell has left the home and has not been located.

Ms. Howell is understandably upset because she is a 62–year old cancer survivor and is forced to borrow money to live. She claims that she has no retirement funds set aside, nor any other assets to support herself. Further, she contends that she lives in constant fear that she will become homeless without any means of support.

On his schedule of assets, Mr. Howell listed a tenancy by the entireties in the marital residence valued at $400,000, and *de minimus* personal property. He claimed an exemption of $17,425.00 in the residence and all of his personal property. The residence is subject to a $240,000 mortgage, payments on which are in default.

Ms. Howell filed this motion seeking stay relief to proceed in the state court.

### POSITIONS OF THE PARTIES

According to Ms. Howell, since Mr. Howell has consistently refused to support her, she has no other recourse other then to attempt to recoup what she can from Mr. Howell's interests in the marital assets.[2] If Mr. Howell's debt is discharged, she argues, he will rid himself of the marital property, leaving her destitute and homeless. She argues that the division of marital property belongs in the state court, and therefore, this court should refrain from deciding the matter.

The trustee contends that Ms. Howell does not have the right to equitable distribution because a judgment of divorce has not yet been entered. Secondly, he contends that since the determination of respective property interests of the bankruptcy estate and Ms. Howell require careful consideration of bankruptcy and equitable distribution law, this court is the preferable forum. The Trustee urges the court to deny the motion to vacate the stay.[3]

### DISCUSSION

The result in this case stems from two decisions by other bankruptcy judges in

---

**2.** Ms. Howell intends to seek alimony and attorney's fees, but for the moment, is focused on the marital residence as the sole item of property available for her needs. No one contests her right to seek alimony and attorney's fees or to collect from non-estate assets. The debtor's exempt property remains liable for prepetition support arrears. 11 U.S.C. § 522(c)(1). If Ms. Howell files a proof of claim for prepetition support arrears, she will have a priority claim paid from assets liquidated by the trustee before general unsecured creditors. 11 U.S.C. §§ 507(a)(7) and 726(a)(1).

**3.** The debtor, Mr. Howell, did not respond to the motion.

this district: *Buglione v. Berlingeri (In re Berlingeri)*, 246 B.R. 196 (Bankr.D.N.J. 2000) and *In re Becker*, 136 B.R. 113 (Bankr.D.N.J.1992).

### Berlingeri

Francis Berlingeri filed for divorce from his spouse, Joan Buglione. Just prior to trial in the state court, Berlingeri filed a petition under chapter 7 of the Bankruptcy Code. The bankruptcy court granted relief from the automatic stay so that the family court action could proceed. Part of the award in the state court required the debtor to hold his former spouse harmless for certain marital debts. Thereafter, Buglione sued in bankruptcy court for a determination of nondischargeability of the state court judgment.

Bankruptcy Judge Novalyn L. Winfield thoroughly analyzed the New Jersey law of equitable distribution and found that under N.J.S.A. § 2A:34–23 the right to equitable distribution arises upon entry of the judgment of divorce, citing *Carr v. Carr*, 120 N.J. 336, 576 A.2d 872 (1990). Under the Third Circuit's interpretation of the terms "debt" and "claim" in the Bankruptcy Code, if the right to payment has not accrued before commencement of the bankruptcy case, the debt did not arise before the order for relief. *Avellino & Bienes v. M. Frenville Co. (In re M. Frenville Co.)*, 744 F.2d 332 (3d Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Judge Winfield concluded:

Application of Frenville and New Jersey law yields the conclusion that Buglione's claims for equitable distribution did not arise until the judgment of divorce was granted. Thus, her claims constituted a non-dischargeable post-petition obligation of Berlingeri.

*Buglione v. Berlingeri*, 246 B.R. at 200.[4] Thus, Berlingeri's obligation to indemnify his ex-wife for marital debts was not discharged.[5]

### Becker

Bankruptcy Judge Stephen A. Stripp authored a trilogy of opinions dealing with equitable distribution and bankruptcy. *Mueller v. Youmans (In re Youmans)*, 117 B.R. 113 (Bankr.D.N.J.1990) was the first case in which Judge Stripp questioned the relative priority of a spouse's claim for equitable distribution against a bankruptcy trustee with the status of a judgment creditor.

Since equitable distribution is subject to perfected liens, a serious question exists as to whether equitable distribution can affect a bankruptcy estate's one-half interest in a jointly-owned marital residence.

*Id.* at 121, fn. 8.

Eighteen months later in *In re Becker*, 136 B.R. 113 (Bankr.D.N.J.1992) Judge Stripp faced the issue he anticipated in *Youmans*. Joan Becker had filed a complaint for divorce and requested equitable distribution. Before the state court en-

---

**4.** For the same result under Pennsylvania law see *Scholl v. Scholl (In re Scholl)*, 234 B.R. 636 (Bankr.E.D.Pa.1999). *Contra, Schorr v. Schorr (In re Schorr)*, 299 B.R. 97 (Bankr. W.D.Pa.2003), *Perlow v. Perlow*, 128 B.R. 412 (E.D.N.C.1991).

**5.** Marital debts must be considered in equitable distribution and may be allocated to one spouse along with the duty to hold the other spouse harmless. *Monte v. Monte*, 212

N.J.Super. 557, 566, 515 A.2d 1233 (App.Div. 1986). Ms. Howell may ask the state court to allocate marital debts and order Mr. Howell to hold her harmless from any debts allocated to him. Even though Mr. Howell's debt to the third party creditor may have been discharged in this bankruptcy case, an indemnity obligation imposed by the state court in favor of Ms. Howell will not have been discharged. *Berlingeri*, 246 B.R. 196.

tered judgment, Joseph Becker filed a petition under chapter 7 of the Bankruptcy Code. Joan Becker sought leave to continue her state court action for equitable distribution. In denying the motion, Judge Stripp discussed the relative rights of a trustee and an estranged spouse.

The filing of a bankruptcy petition creates an estate under Code section 541 which consists essentially of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541. The debtor's interest in property which is jointly owned with a nondebtor spouse therefore becomes property of the bankruptcy estate upon the filing of a bankruptcy petition.

. . .

Bankruptcy Code sections 362(a)(1) and (3) operate as an automatic stay of judicial proceedings to recover prepetition claims against the debtor, and of acts to exercise control over property of the estate. Thus, the filing of a bankruptcy petition stays equitable distribution in a divorce case of a debtor's interest in marital assets.

. . .

Property interests are generally created and defined by state law. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). However, the question of what constitutes property of a bankruptcy estate is ultimately a federal question. *In re Loughnane,* 28 B.R. 940, 942 (Bankr.D.Colo.1983). This is in part because the Bankruptcy Code gives a trustee certain rights which do not exist outside of bankruptcy. Those rights include the rights of a hypothetical judgment creditor who has levied on the debtor's property as of the date of the bankruptcy petition is filed, whether or not any such creditor exists. 11

U.S.C. §§ 544(a)(1) and (2); *In re Blease,* 605 F.2d 97 (3d Cir.1979).

. . .

Under N.J.Stat.Ann. 2A:34–23, the superior court is authorized in connection with a judgment of divorce to make an equitable distribution of property acquired by either or both spouses during the marriage.

. . .

However, transfers of property interests under equitable distribution are subject to existing liens. *Freda v. Commercial Trust Co.,* 118 N.J. 36, 46, 570 A.2d 409, 414 (1990). "Since the judgment creditor's lien on [the husband's] interest preceded the divorce judgment, the matrimonial court could not, ipse dixit, limit or eliminate the prior lien of a nonparty creditor by manipulation of the equitable distribution provisions in the divorce judgment." *Interchange State Bank v. Riegel,* 190 N.J.Super. 139, 144, 462 A.2d 198, 200 (App.Div. 1983).

. . .

Under Code sections 544(a)(1) and (2), a bankruptcy trustee has the rights of a judgment creditor who levies on the debtor's property as of the date the bankruptcy petition is filed, whether or not such a creditor exists. *In re Blease,* 605 F.2d 97 (3d Cir.1979). The filing of a bankruptcy petition is therefore the legal equivalent of a levy by the trustee upon all of the debtor's property as of the petition date. It follows that equitable distribution cannot alter a bankruptcy estate's rights in property in which the debtor had an interest on the petition date, whether jointly owned or otherwise.

*Becker,* 136 B.R. at 115–118.

Finally, in *Lawrence v. Lawrence (In re Lawrence),* 237 B.R. 61 (Bankr.D.N.J.

1999), Judge Stripp restated the principles he had announced in *Becker*.

The Bankruptcy Code defines what constitutes property of the bankruptcy estate. 11 U.S.C. § 541. The bankruptcy estate essentially consists of all legal or equitable interests of the debtor in property as of the commencement of the case, *see* 11 U.S.C. § 541(a)(1), with certain exceptions. As a general rule, state law determines what those property interests are. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). In this case, New Jersey law is the applicable state law.

The purpose of equitable distribution is to divide property acquired during the marriage in a manner that is just under the circumstances of the case. *Painter v. Painter*, 65 N.J. 196, 209, 320 A.2d 484 (App.Div.[sic]1974). N.J.Stat.Ann. 2A:34–23.1 creates a "rebuttable presumption that each party made a substantial financial or nonfinancial contribution to the acquisition of income and property while the party was married." *Id.* Although principles of equitable distribution generally attribute little or no significance to which of the parties holds legal title to marital property, *see D'Arc v. D'Arc*, 164 N.J.Super. 226, 395 A.2d 1270 (Ch.Div.1978), *aff'd* 175 N.J.Super. 598, 421 A.2d 602, *cert. denied* 451 U.S. 971, 101 S.Ct. 2049, 68 L.Ed.2d 350, the status of legal title assumes great significance if a creditor of the title holder obtains a judicial lien on his or her interest in the property before the judgment of divorce. Under *Freda v. Commercial Trust Co.*, 118 N.J. 36, 46, 570 A.2d 409 (1990), the judgment creditor's rights in such property are superior to the rights of the spouses in such property if the lien is created prior to the judgment of divorce. Conversely, if the judgment of divorce distributes the property prior to creation of a lien by a creditor of one spouse, such lien does not attach to the property transferred to the other spouse under the divorce judgment. *Interchange State Bank v. Riegel*, 190 N.J.Super. 139, 144, 462 A.2d 198 (App.Div.1983).

Under Bankruptcy Code sections 544(a)(1) and (2), a bankruptcy trustee, and hence a debtor-in-possession as well under Code section 1107, has the status of a judgment creditor who levies on the debtor's property as of the date the bankruptcy petition is filed. *In re Blease*, 605 F.2d 97 (3d Cir.1979). Under *Freda*, the trustee's rights in the debtor's property are superior to those of the nondebtor spouse. *In re Becker*, 136 B.R. 113, 118 (Bankr.D.N.J.1992). Where, therefore, a bankruptcy petition of a spouse holding legal title to marital property precedes a divorce judgment distributing such property, the rights of the other spouse not sharing legal title are inferior to those of the title holder's trustee.

*Lawrence*, 237 B.R. at 78–79.

Judge Stripp proceeded in *Lawrence* to make an equitable distribution of the marital assets [6], quantified the non-debtor

---

**6.** In *Varela v. Varela*, 343 N.J.Super. 395, 778 A.2d 615 (Chan.Div.2000) the court concluded that the state court was "clearly the proper forum to decide issues of [equitable distribution]." *Id.* at 397, 778 A.2d 615. Recognizing that the "trustee holds the equivalent of a levy on the debtor's property that is in the debtor's name at the time bankruptcy is filed (up the satisfaction of debts, of course)" the court permitted the trustee to intervene in the matrimonial action. *Id.* at 397–398, 778 A.2d 615. However, the court denied the trustee's motion to exclude property of the bankruptcy estate from equitable distribution. To the extent that *Varela* implies that property of the bankruptcy estate could be allocated to the non-debtor spouse free of the trustee's rights, this court disagrees. Theoretically, the state

spouse's share of marital assets to a dollar amount, and treated it as a general unsecured claim in the chapter 11 case.[7]

■ This court agrees with Judge Winfield's conclusion in *Berlingeri* that where a bankruptcy filing preceded a judgment of divorce, the pending claim for equitable distribution is a post petition claim. This court also agrees with Judge Stripp's analysis in the *Youmans, Becker, Lawrence* trilogy that the trustee as a lien judgment creditor has a superior right to property of the debtor's estate over a spouse's equitable distribution claim where bankruptcy precedes the divorce judgment. The automatic stay, 11 U.S.C. § 362(a)(3), protects property of the estate from efforts of others to exercise control. While Ms. Howell may not seek to have estate property equitably distributed to her in kind, she may request a monetary award of equivalent value. *Borodinsky v. Borodinsky*, 162 N.J.Super. 437, 443, 393 A.2d 583 (App.Div.1978). The three-step process to determine equitable distribution enunciated in *Rothman v. Rothman*, 65

N.J. 219, 232, 320 A.2d 496 (1974) may include estate property among the assets eligible for equitable distribution and the value thereof; however, the award may not distribute estate property in kind without further relief from the automatic stay.

## CONCLUSION

■ The automatic stay does not preclude Rebecca Howell from seeking equitable distribution of non-estate property such as exempt property, post petition earnings,[8] property excluded from the estate,[9] property abandoned by the trustee, or debtor surplus.[10] Relief from the automatic stay is not required. Nevertheless, the court will enter an order to specify what relief Rebecca Howell may pursue in state court.

Property of the estate, however, is protected by the automatic stay under § 362(a)(3) and is subject to the superior rights of the trustee as a hypothetical lien judgment creditor under § 544(a)(1) of the Bankruptcy Code. Rebecca Howell's motion for relief from the automatic stay to

court could equitably distribute property of the bankruptcy estate subject to the trustee's rights. This court prefers to keep jurisdiction over property of the estate and permit the non-debtor spouse to proceed against non-estate property.

7. The decision in *Lawrence* to treat the spouse's equitable distribution claim as a general unsecured creditor is inconsistent with *Berlingeri's* holding that such claims are post petition. Post petition claims are not discharged under § 727 of the Bankruptcy Code as *Berlingeri* held; neither are they allowable as claims to share in distribution of property of the estate under § 726. A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). Pursuant to § 502(b) of the Bankruptcy Code, the court shall determine the amount of a claim as of the date of

the filing of the petition. Post petition claims are not allowable. There are certain limited exceptions where specified claims may be filed "as if such claims were a claim against the debtor and had arisen before the date of the filing of the petition" under § 501(d); and, of course, administrative expenses that by nature arise post petition are allowed under § 503(b). Collier on Bankruptcy, ¶ 502.03 (15th ed. rev.2004).

8. 11 U.S.C. § 541(a)(6).

9. e.g., ERISA-qualified pensions, *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); or IRAs *In re Yuhas*, 104 F.3d 612 (3d Cir.1997), *cert. denied*, 521 U.S. 1105, 117 S.Ct. 2481, 138 L.Ed.2d 990 (1997).

10. 11 U.S.C. § 726(a)(6).

pursue equitable distribution is denied as it relates to property of the estate.