**In re Jimmy Lynn THOMAS, Debtor.**

No. 4:03–BK–73985M.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

July 7, 2005.

Rodney D. McDaniel, Attorney at Law, Texarkana, TX, for Debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On June 12, 2003, Jimmy Lynn Thomas ("Debtor") filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. Renee S. Williams was appointed the chapter 7 trustee.

On his petition, the Debtor listed the following assets: "a 401(k) thru former employer which is not part of his estate; approx. $350,000.00 in fund" and "Retirement Annuity, under [sic] Sect. 408(b) of the IRS Code: this contract is not property of the estate." (Trustee's Ex. 1, Sub–Ex. C, Schedule B—Personal Property.) The Debtor has elected to claim state law exemptions consisting of $400.00 in clothing, $500.00 in general household goods, and a homestead valued at $95,000.00.

On February 16, 2004, the Trustee filed a motion against the Debtor to turnover an Individual Retirement Account (hereinafter "IRA") maintained at Morgan Keegan under account number 72429293 in the approximate value of $366,707.25 and an IRA with Southern Farm Bureau Life Insurance Company, policy number 235252F (value unstated).

The Debtor objected to the motion for turnover on grounds that the accounts in question are ERISA qualified plans under 401(k) and 408(b) of the Internal Revenue Code and, therefore, not property of the estate.

Linda Thomas, the Debtor's wife, also filed an objection to the Trustee's motion, claiming that she was in the process of filing for divorce and that she had a claim to an unspecified portion of the accounts as marital property under Arkansas law.

Trial on the merits was held on October 6, 2004, and the matter was taken under advisement. This Court has jurisdiction in accordance with 28 U.S.C. § 1334 and § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), and this Court has jurisdiction to enter a final judgment in the case.

The Trustee and the Debtor entered into a stipulation as follows:

2. At the time he filed his petition for relief, debtor owned the following IRA's which had the following values:

A   Morgan Keegan & Company, Inc., Individual Retirement Account Number 72429293 which had a value of $374,584.19 on June 11, 2003 . . .

B   Southern Farm Bureau Life Insurance Company Non–Participating Flexible Premiums Deferred Annuity Policy Number 235252F which had a value of $69,859.33 on June 11, 2003 . . .

Trustee's Ex. 1.

■   The Court will first address the issue of whether the IRA and annuity are property of the estate. The documents related to each account contained no restriction on alienation or transfer that is enforceable under non-bankruptcy law so as to exclude the Debtor's interest in the two funds from his estate. *See Patterson v. Shumate*, 504 U.S. 753, 762–63, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (stating that section 541(c)(2) of the Bankruptcy Code excludes from property of the estate pension plans subject to transfer restrictions that are enforceable under nonbankruptcy law; IRA's cannot be excluded from property of the estate under section 541(c)(2) because they lack the requisite transfer restrictions). Under this ruling, the IRA and annuity are clearly property of the estate. Furthermore, since the Debtor has elected to claim the state exemptions, he may not exempt the funds at issue. *See Rousey v. Jacoway*, —— U.S. ——, ——, 125 S.Ct. 1561, 1566, 161 L.Ed.2d 563 (2005) (holding that, under the federal exemptions, the right to receive payment under an IRA is a right to receive payment because of age and an IRA is therefore exemptible under section 522(d)(10)(E) of the Bankruptcy Code).

■   The Debtor's wife, Linda Thomas, claims an interest in the IRA and annuity in an unspecified amount because she filed for divorce against the Debtor on August 3, 2004, which was after the date the bankruptcy case was filed and after the motion for turnover was filed. Linda Thomas claims an interest based on her rights under Arkansas divorce law to a fair portion of marital property as defined under section 9–12–315 of the Arkansas Code Annotated. However, counsel for Linda Thomas makes no legal argument and cites no authority—and the Court is aware of none—that would elevate a claim of the wife of a chapter 7 debtor to marital property above the allowed claims of the Debtor's creditors.[1]

■   Under Arkansas law, "marital property" includes all property acquired by either spouse subsequent to the marriage, with certain exceptions not applicable in this case. Ark.Code Ann. § 9–12–315(b) (Michie 2002). At the time a divorce decree is entered, the court will distribute all marital property equitably, according to the guidelines established by statute. Ark.Code Ann. § 9–12–315(a) (Michie 2002). Generally speaking, property owned individually by one spouse or co-owned by both spouses may be classified as marital property subject to equitable distribution if that property has been acquired subsequent to the marriage and not specifically excepted by statute. Implicit in the statute is the concept that one party's rights to marital property owned by the other party do not vest until a divorce decree is entered and the court has distributed the marital property. *See, e.g., Schachter v. Lefrak (In re Lefrak)*, 223 B.R. 431, 439 (Bankr.S.D.N.Y.1998)(stating

---

1.  Even in states with community property laws, community property is property of the estate and subject to the claims of the debtor's creditor's. 11 U.S.C. § 541(a)(2)(2000); 5 Collier on Bankruptcy ¶ 541.13[1] (Alan N. Resnick & Henry J. Sommer, *et al*. eds., 15th ed. rev.1993).

that under New York law, one spouse's rights in marital property owned by the other are inchoate and do not vest until entry of judgment dissolving the marriage) (citing *In re Cole*, 202 B.R. 356, 360 (Bankr.S.D.N.Y.1996)), *aff'd*, 227 B.R. 222 (S.D.N.Y.1998).

In accordance with the Bankruptcy Code, property owned individually by the debtor or co-owned with a non-debtor spouse will become part of the bankruptcy estate upon the filing of the petition. *Roberge v. Roberge (In re Roberge)*, 188 B.R. 366, 367 (E.D.Va.1995)(citing 11 U.S.C. § 541(a)(1) (2000); *In re Becker*, 136 B.R. 113, 115 (Bankr.D.N.J. 1992)), *aff'd sub nom. Roberge v. Buis*, 95 F.3d 42 (4th Cir.1996). Where a divorce is filed *after* one spouse's filing of a bankruptcy petition, principles of equitable distribution under state law are not determinative of the bankruptcy estate's interest in property belonging to the debtor on the date of the bankruptcy petition. *In re Becker*, 136 B.R. at 118.

One bankruptcy court has observed that a bankruptcy filing is "the equivalent of a levy by the trustee upon all the debtor's property as of the petition date." *In re Becker*, 136 B.R. at 118. *See also In re Abma*, 215 B.R. 148, 152 (Bankr.N.D. Ill. 1997) (if award of marital dissolution has not been made at time of bankruptcy filing, the trustee's status as a hypothetical lien creditor cuts off non-debtor spouse's inchoate rights in marital property, and such property becomes property of the estate, free of claims of the non-debtor spouse)(quoting *In re Cole*, 202 B.R. at 360; *In re Palmer*, 78 B.R. 402, 406 (Bankr.E.D.N.Y.1987)); *In re Vann*, 113 B.R. 704, 706 (Bankr.D.Colo.1990) (until dissolution of marriage proceeding is commenced and spouse takes some affirmative action to perfect her interest in marital property, her rights are inchoate and subordinate to those of the trustee in her spouse's bankruptcy)(citing *In re Tucker*, 95 B.R. 796 (Bankr.Colo.1989)). *Accord Polliard v. Polliard (In re Polliard)*, 152 B.R. 51, 54 (Bankr.W.D.Pa.1993) (non-debtor spouse's interest in debtor's share of marital property, which is the subject of equitable distribution proceedings in a divorce action commenced prior to bankruptcy, are cut off by the bankruptcy filing if property division has not been finalized) (citing *Perlow v. Perlow*, 128 B.R. 412 (E.D.N.C.1991); *In re Greenwald*, 134 B.R. 729, 731 (Bankr.S.D.N.Y.1991); *In re Hilsen*, 100 B.R. 708, 711 (Bankr.S.D.N.Y. 1989), *rev'd on other grounds*, 119 B.R. 435 (S.D.N.Y.1990)).

The Arkansas Supreme Court has held that one spouse's interest in a retirement plan is marital property subject to division of property in divorce cases. *See Day v. Day*, 281 Ark. 261, 263, 663 S.W.2d 719 (1984) (holding husband's interest in the retirement plan sponsored by his employer was marital property.) At least arguably, the Debtor's retirement funds could be classified as marital property subject to the Debtor's wife's interest if and when a division of property takes place pursuant to divorce in state court. However, in the instant case, Linda Thomas filed for divorce a year after the bankruptcy filing. On the petition day, the state court had not entered a divorce decree and divided the marital property; therefore, Linda Thomas's rights to the retirement funds were inchoate at best.[2]

Furthermore, Linda Thomas' motives for filing for divorce are highly suspect.

---

**2.** Furthermore, the docket in this case does not reflect that Linda Thomas was ever granted relief from the automatic stay pursuant to 11 U.S.C. § 362 to assert a claim against property of the estate in state court.

She admitted that although her husband was convicted of fraud in state court and is due to serve time in jail, she still does not live separate and apart from him. They attended the bankruptcy court hearing together, and the Debtor testified that his wife stood by him during his state court trial. Strong evidence was adduced at the bankruptcy hearing that the divorce action is the result of collusion between spouses who intend to shield their principal assets from the claims of creditors. *See Ark. Code Ann.* § 9–12–308 (Michie 2002) (if offense complained of in divorce complaint is occasioned by collusion of the parties, no divorce will be granted).

### *CONCLUSION*

The assets at issue, being estate property that has not been exempted by the Debtor, are subject to turnover. Divorce proceedings having been filed after the petition filing, Linda Thomas may not now claim a property interest that supersedes the interests of the Debtor's other creditors.

Therefore, the objections to the Trustee's motion for turnover are overruled for the reasons stated above, and the motion for turnover is granted as to the property described in the motion.

IT IS SO ORDERED.